EDWARD P. IRWIN *v.* WILLIAM M. AHIA, SUPER-
VISOR OF THE CITY AND COUNTY OF HONO-
LULU, TERRITORY OF HAWAII.

No. 1664.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

SUBMITTED FEBRUARY 26, 1926.　　　　　DECIDED MARCH 8, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE ANDRADE IN
PLACE OF BANKS, J., DISQUALIFIED.

STATUTES—*construction and operation—rules of construction.*

The general rule in construing statutes is to ascertain and give
effect to the intention of the legislature. This intention, how-
ever, must be the intention as expressed in the statute and where
the meaning of the language used is plain it must be given effect
by the courts or they would be assuming legislative authority.
Whatever is necessarily or plainly implied in a statute is as
much a part of it as that which is expressed; but a statute
should not be extended beyond the fair and reasonable meaning
of its terms because of some supposed policy of the law or
because the legislature did not use proper words to express its
meaning.

PUBLIC OFFICERS—*forfeiture of office*—*Act 175, L. 1925.*

>    The only cause of forfeiture of office set forth in Act 175, L.
> 1925, is that the supervisor or other officer shall "acquire an
> interest in any contract with, or work done for," the city and
> county or "in any franchise, right or privilege granted by" the
> city and county.
>    The City and County of Honolulu duly awarded to a contractor
> contracts for the erection of certain school buildings. There-
> after one of the supervisors of the said city and county, who
> had joined in making the awards and who held a financial
> interest in a lumber mill company, furnished to the contractor
> materials and mill work for the erection of the school buildings.
> There was no fraud, no prior agreement that if the contractor
> received the awards he would secure from the mill company
> all or any part of the materials or of the mill work required
> for the performance of his contracts and no ownership by the
> supervisor in the contracting company; the contractor was solvent
> and able to pay for all materials and labor purchased by it; pay
> by the contractor to the supervisor for the materials and work
> furnished was not dependent upon acceptance of or pay for the
> buildings by the city and county. *Held*, that under the circum-
> stances the supervisor had not acquired any interest in the "con-
> tracts with, or work done for" the city and county and had not
> forfeited his office.

OPINION OF THE COURT BY PERRY, C. J.

This is a proceeding instituted by a taxpayer to test the respondent's right to continue to hold the office of supervisor of the City and County of Honolulu, to which he was duly elected. The petition proceeds upon the theory that the respondent violated the provisions of Act 175, L. 1925, and thereby forfeited his right to the office. A demurrer to the petition, on the ground that no cause of forfeiture was set forth, was sustained by the trial court and the petitioner appealed.

Act 175 reads as follows: "Officer not to be interested in contract. No supervisor and no officer appointed by and/or with the approval of the board of supervisors of the city and county, shall be or become directly or indirectly, interested in or in the performance of, any con-

tract, work or business, or in the sale of any article, the expense, price or consideration of which is payable from the treasury; or in the purchase or lease of any real estate or other property belonging to, or taken by, the city and county, or which shall be sold for taxes or assessments, or by virtue of legal process at the suit of the city and county. If any person in this section designated shall, during the time for which he was elected or appointed, acquire an interest in any contract, with, or work done for, the city and county, or any department or officer thereof, or in any franchise, right or privilege granted by the city and county, unless the same shall be devolved upon him by law, he shall forfeit his office, and be forever after debarred, and disqualified from being elected or appointed in the service of the city and county; and all such contracts shall be void, and shall not be enforceable against the city and county."

The facts alleged in the petition, which are relied upon as constituting a violation of the statute, are in brief as follows: that at various times during the year 1925 the mayor and the board of supervisors of the City and County of Honolulu awarded to H. L. Fernandez & Company, a duly registered copartnership doing business in the City and County of Honolulu as general contractors, certain contracts for the erection of seven school buildings in the city and county; that each such award of contract was after due advertisement and tenders as required by law and after due consideration by the mayor and the board; that all of the contracts were duly performed by the successful bidder and that the respondent supervisor at all of the times in question was "the manager and/or proprietor of, and conducted and operated and was financially interested in a lumber mill business" under the firm name and style of the "Johanson Mill;" that H. L. Fernandez & Company purchased of the Johanson Mill

materials which were used in the performance of the con-
tracts just referred to and had certain mill work done at
the said mill in connection with the performance of the
same contracts; that in each instance the respondent su-
pervisor in receiving and filling the said orders knew that
the materials to be furnished and the mill work to be done
were desired by the Fernandez Company for the perform-
ance of the school-building contracts; and that the ma-
terials furnished and all work done by the Johanson Mill
have been "paid for and/or partially paid for" by the
Fernandez Company.

There is no allegation that any agreement was entered
into between the Johanson Mill or the respondent on the
one hand and the Fernandez Company on the other hand,
prior to the award of any of the school-building contracts,
to the effect that the Fernandez Company, if it should
be the successful bidder, would purchase materials from
or have mill work done by the Johanson Mill; or that
none of the other bidders or contractors operating within
the city and county, who might be bidders, had dealt in
the same way with the Johanson Mill; or that the Fer-
nandez Company was at the time insolvent or in financial
difficulties; or that there was any agreement between the
mill and the Fernandez Company that payment for the
materials or the labor furnished by the mill would be
paid for out of the moneys payable to the Fernandez
Company by the city and county; or that the Johanson
Mill or the respondent would share in any of the profits
or bear any of the losses accruing under any of the school-
building contracts; or that the respondent was part
owner in the Fernandez Company.

Omitting the portions of the statute which are not
material in the case at bar, the first clause prohibits a
supervisor from being or becoming "directly or indi-
rectly interested in or in the performance of any con-

tract, work or business, or in the sale of any article, the expense, price or consideration of which is payable from the treasury;" and the second clause declares that any supervisor who shall, "during the time for which he was elected or appointed, acquire an interest in any contract with, or work done for, the city and county," shall forfeit his office and be forever disqualified from holding any office in the service of the city and county. The second clause is obviously narrower than the first. It does not, as did the statutory provision in California referred to by the appellant *(Stockton Plumbing & Supply Company* v. *Wheeler,* 229 Pac. 1020), provide that "the violation of the provisions of this section by any such officer  *  *  * shall work the forfeiture of such office;" but instead specifies what act shall cause a forfeiture of the office; and that act is the acquisition of an "interest in any contract with, or work done for," the city and county.

As to the general rule applicable in the construction of statutes there can be no doubt. The object is always to ascertain and give effect to the intention of the legislature. "This intention, however, must be the intention as expressed in the statute, and where the meaning of the language used is plain, it must be given effect by the courts, or they would be assuming legislative authority." 36 Cyc. 1106, 1107. "Whatever is necessarily or plainly implied in a statute is as much a part of it as that which is expressed. But a statute should not be extended beyond the fair and reasonable meaning of its terms because of some supposed policy of the law, or because the legislature did not use proper words to express its meaning." Ib., 1112, 1113. Neither by express words nor by proper inference does it appear from this statute that the legislature intended that a violation of the provisions of the first clause of the section under consideration should result in a forfeiture of office at the suit of one taxpayer,

under this statute. In the face of the express statement that the forfeiture shall result in the case of any supervisor who shall "acquire an interest in any contract with, or work done for, the city and county" it would be incompetent for the court to extend the language so as to include a forfeiture for any other acts mentioned earlier in the section or elsewhere in our laws.

The prohibited interest contemplated by the statute is, of course, a financial interest and not a mere friendly or sentimental interest. Upon the facts stated in the petition the respondent did not acquire any financial interest in any of the school-building contracts or in the work done for the city and county. Upon request, after the award of each contract, he furnished materials and labor in aid of the performance of the contracts by the contractor. He had no control, contractual or otherwise, over the performance of the building contracts; he had no right to any of the profits and no duty to bear any of the losses; his pay for the materials and the labor furnished was assured to him irrespective of whether or not the Fernandez Company secured acceptance of the buildings which it erected or obtained pay therefor from the city and county. He did undoubtedly feel an interest in the success of the Fernandez Company and in its ability to obtain contracts; but it does not even appear that this interest was any greater than the interest which he felt in the success of other intending bidders. This interest in the success of the contractor is not an interest of the kind, the acquisition of which the statute renders a cause of forfeiture, any more than is the interest which the respondent would feel in the success of local contractors who habitually purchase their materials in Honolulu as distinguished from the contractors who habitually obtain their materials direct from the mainland.

In our opinion the facts set forth in the petition do not

Syllabus.

constitute a cause of forfeiture. The judgment appealed from is affirmed.

*Howard Hathaway,* City and County Attorney, and *Carrick H. Buck,* Deputy City and County Attorney, for petitioner.

*Robertson & Castle* for respondent.