STATE OF HAWAII *v.* LARRY TAMANAHA.

No. 4288.

MARCH 1, 1963.

TSUKIYAMA, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* There is nothing presented under the petition for rehearing filed herein that was not heretofore considered by the court in reaching its decision of December 10, 1962, except a matter relating to the establishment of a point system for the evaluation of the operating records of all persons operating motor vehicles under Act 113, Session Laws of Hawaii, Regular Session of 1961. Under this Act "relative values to the various violations of the traffic laws of the State and of traffic ordinances of its counties" were assigned as follows:

"(1) Heedless and careless driving........3 to 6 points
  *    *    *    *    *    *    *
"(9) Inattention to driving;
        negligent driving...................1 to 4 [points]"

The Act does not specifically refer to the statutes or ordinances in question. It can safely be assumed, however, that "heedless and careless" driving, as set forth in the Act refers to the offense set forth in R.L.H. 1955, § 311-1. An examination of the Revised Laws of Hawaii 1955, as amended, discloses no statute relating to "inattention to driving; negligent driving" and such must be covered by county ordinance, if at all. No such ordinance has been called to our attention and we are not permitted to take judicial notice of county or city and

county ordinances on this subject if they exist. *Territory v. Yoshikawa,* 41 Haw. 45.

Petitioner contends in his petition for rehearing that:

"By the above assignment of points and by the wording of the offenses, it indicates a legislative intent to make the offense of careless driving an offense which requires more than mere negligence as the standard of conduct as compared to inattention to driving which denotes the requirement of mere negligence."

It is extremely difficult, if not impossible, to impute to the legislature the power to breathe the intent into the expressed language of a related though wholly independent legislative body. At best, Act 113 is inconclusive as nowhere therein is set forth the standard of conduct required for either of the offenses above referred to. While it may be true that there is an ordinance[1] defining inattention to driving which sets up a standard of ordinary negligence as determinative of such offense, so does the plain language of the heedless and careless driving statute, R.L.H. 1955, § 311-1. Act 113 merely indicates an intent on the part of the legislature to treat, for the purpose of imposing points, the statutory offense of heedless and careless driving as requiring more reprehensible conduct than the offense of inattention to driving as covered by ordinance.

Even if we were able to glean from Act 113 that the legislature enacting it intended to ascribe to heedless and careless driving, R.L.H. 1955, § 311-1, a standard of conduct requiring more than ordinary negligence and what is commonly referred to in the law as gross or criminal negligence, still we would be unable to disregard the plain and clearly expressed statutory language of R.L.H. 1955, § 311-1 adopted by a previous legislature.

---

[1] *Cf.,* R.L.H. 1955, § 149-86 (48).

*Cf., Pub. Ut. Comm.* v. *Narimatsu,* 41 Haw. 398, 401;
*Irwin* v. *Ahia,* 29 Haw. 1, 5. "The intention of the legis-
lature is to be obtained primarily from the language used
in the statute. * * * Where the language of the statute
is plain and unambiguous there is no occasion for con-
struction and the statute must be given effect according
to its plain and obvious meaning." *Kauai* v. *McGonagle,*
33 Haw. 915, 920.

Accordingly, the petition for rehearing is denied with-
out argument.

*Greenstein, Yamane & Cowan* (*Ernest Y. Yamane*)
for the petition.

### DISSENTING OPINION OF LEWIS, J.

In providing that the accumulation of 12 points leads
to a license suspension, and in assigning to "heedless and
careless driving" a minimum of three points and to "in-
attention to driving, negligent driving" a minimum of
one point, how did the legislature intend these traffic laws
to be administered? That is the question presented by
the petition for rehearing. Is petitioner correct in his
contention that this "indicates a legislative intent to make
the offense of careless driving an offense which requires
more than mere negligence as the standard of conduct
as compared to inattention to driving which denotes the
requirement of mere negligence."

Pursuant to our Rule 5(b) I requested a reply to the
pertinent portion of the petition for rehearing. Appellee's
memorandum contended that the 1961 statute "is not a
proper matter for consideration by this Court in inter-
preting the standard of care required under § 311-1,
Revised Laws of Hawaii, 1955," because there is nothing
to show that at the time of enactment of section 311-1
the legislature intended to establish a higher degree of
care than that required by the ordinances referred to in

the statute, particularly as the legislature did not enact these ordinances. This argument misses the point of petitioner's argument.

The offense in question was committed October 25, 1961, after the taking effect of the 1961 statute. "Penal statutes are within the operation of the general rule that statutes in pari materia should be construed together." 50 Am. Jur., *Statutes,* § 420; see also R.L.H. 1955, § 1-21; *Territory* v. *Akase,* 43 Haw. 84. Moreover, a later civil statute may affect an earlier criminal statute, as in *State* v. *Buck,* 200 Ore. 87, 262 P.2d 495, holding that where the legislature, subsequent to the enactment of the Criminal Abortion Act, enacted a Medical Practice Act declaring the procuring of a criminal abortion to be a ground of license revocation, and thereafter amended the same so as to apply to the procuring of an abortion "unless such is done for the relief of a woman whose health appears in peril," an indictment against a licensed physician was defective though framed in the terms of the Criminal Abortion Act under which the act was unlawful "unless the same shall be necessary to preserve the life of such mother."

It may well be that the evidence in this case shows more than mere negligence. I am inclined to that view. But as the court has not so held and has based the affirmance on the "legislative intent to make ordinary negligence the standard of conduct" I would grant a rehearing in order to hear argument on the legislative intent expressed in the 1961 statute. *Cf., Moore* v. *Pleasant Hasler Constr. Co.,* 51 Ariz. 40, 76 P.2d 225.