## STATE OF HAWAII, Plaintiff-Appellant, *v.* GOOD GUYS FOR FASI, Defendant-Appellee

NO. 5521

NOVEMBER 25, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA AND MENOR, JJ., AND CIRCUIT JUDGE HAYASHI IN PLACE OF LEVINSON, J., DISQUALIFIED

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by the State of Hawaii from an order of the district judge dismissing the Information against "Good Guys for Fasi." We affirm.

On May 11, 1973, the Attorney General of Hawaii, on behalf of the State, filed an Information which alleged that "Good Guys for Fasi," an unincorporated "campaign committee expending money in behalf of Frank F. Fasi," did wilfully fail to report contributions in excess of $500 toward the election of Frank Fasi in the primary election for Mayor held on October 7, 1972 and the general election for Mayor held on November 7, 1972 as required by HRS § 11-193 [Supp. 1972] and thereby violated HRS § 19-6(13) [Supp. 1972].

A penal summons commanding "Good Guys for Fasi" to appear in court was served upon one Shiro Aoki (presumably the alleged agent of "Good Guys for Fasi"), notwithstanding the only named defendant cited in the information was "Good Guys for Fasi."

Mr. Aoki filed a motion to quash the summons.

At a hearing on the motion to quash, the district judge held: the information "is defective because the only defendant named is an unincorporated association", and summarily quashed the information.

Appellant alleges that the trial court erred in ruling that unincorporated associations are not criminally liable pursuant to HRS §§ 11-193 and 19-6(13) (Supp. 1972).

HRS § 11-193 (Supp. 1972) provides that:

§ 11-193 *Filing of expense statement.* Each party, committee, including presidential committees, and each candidate for a state or national office, excepting presidential candidates not residing within the State, shall file with the chief election officer, and each party, committee, and each candidate for a county office shall file with the clerk of the county, an itemized statement of his or their expense, by, for, or on behalf of a party, candidate for election, or question or issue at the election showing each amount expended, the purpose or object for which each expenditure was made, and the person or persons to whom made. The itemized statement shall also contain the amount contributed and the name and address of each contributor who has contributed in excess of $500 toward the election of the candidates or to a party or committee.

The statements shall be sworn to by each candidate or an authorized person for a party or committee making the expenditures and shall be open to public inspection.

HRS § 19-6(13) (Supp. 1972) provides that the following persons shall be guilty of misdemeanors:

(13) Every person who wilfully violates or fails to obey any of the provisions of law, punishment for which is not otherwise in this chapter specially provided for.

The appellant argues that "Good Guys for Fasi" failed to file the itemized statement as required by HRS § 11-193 (Supp. 1972) and is thus guilty of a misdemeanor pursuant to HRS § 19-6(13) (Supp. 1972). The crux of appellant's argument is that the term "person" as used in HRS § 19-6(13) (Supp. 1972) is undefined and thus should be controlled by the general definitional statute HRS § 1-19 which provides:

§ 1-19 *"Person," "others," "any,"* etc. The word "person," or words importing persons, for instance, "another," "others," "any," "anyone," "anybody," and the like, signify not only individuals, but corporations, firms, associations, societies, communities, assemblies, inhabitants of a district, or neighborhood, or persons known or unknown, and the public generally, where it appears, from the subject matter, the sense and connection in which such words are used, that such construction is intended.

Appellant then contends that since HRS § 1-19 defines "persons" to include "associations", the construction of HRS § 19-6(13) (Supp. 1972) in connection with HRS § 1-19 results in "Good Guys for Fasi" being criminally liable. We disagree.

We are of the opinion that appellant's contention cannot be sustained because —

1. Notwithstanding the provision in HRS § 11-193 (Supp. 1972) that ". . . a committee . . . shall file . . . an itemized statement . . . ," § 11-193 (Supp. 1972) actually places the onus of filing a sworn statement as follows: "The statements shall be sworn to by each candidate or *an authorized person for a* party or *committee* making the expenditures . . . ." (Emphasis added.)

2. HRS § 19-6(10) (Supp. 1972) provides that the following shall be guilty of misdemeanors:

(10) Every person who, being a candidate for election, or an agent of any candidate, or a member of any committee acting for or on behalf of any candidate, or in charge of any committee or political party to which money is contributed during an election or which spends money in any election, fails to file the statement of expenses or of lack of expenses, as required by law.

In our opinion, the prosecution of a violation of HRS § 11-193 (Supp. 1972) is specifically limited, without ambiguity, by HRS § 19-6(10) (Supp. 1972) to a ". . . person who, being a *candidate* for election, or an *agent* of any candidate, or a *member* of any committee acting for or on behalf of any candidate or in charge of any committee or political party . . . ." (Emphasis added.) Clearly, the legislature did not impose the above criminal penalty against the campaign committee itself.[1] It is elementary that a criminal statute be construed strictly. *Coray v. Ariyoshi,* 54 Haw. 254, 261, 506 P.2d 13, 17 (1973). Moreover, where the language is plain and unambiguous, there is no occasion for construction. *State v. Tamanaha,* 46 Haw. 345, 347, 379 P.2d 592, 593 (1963).

Assuming arguendo that a construction of the pertinent statutes is necessary, a review of the Hawaii Revised Statutes shows that HRS § 11-193 (Supp. 1972) is part of a chapter exclusively on elections generally, while HRS §§ 19-6(10) and 19-6(13) (Supp. 1972) are both in the same section of a chapter dealing specifically in election offenses.

Even a cursory reading of HRS §§ 11-193, 19-6(10) and 19-6(13) (Supp. 1972) shows that they are in *pari materia* or deal with the same subject matter.[2] And upon construing HRS § 19-6(13) (Supp. 1972) with reference to HRS § 19-6(10)

---

[1] See, however, S.L.H. 1973, Act 185.

[2] HRS § 1-16 reads:

§ 1-16 *Laws in pari materia.* Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another.

(Supp. 1972), the reliance of appellant on HRS § 1-19 becomes wholly unnecessary and improper.

*E. John McConnell, Jr.*, Deputy Attorney General *(George Pai*, Attorney General, of counsel) for plaintiff-appellant.

*Leland H. Spencer (Jack H. Mizuha* and *Kelso, Spencer, Snyder & Stirling* of counsel) for defendant-appellee Shiro Aoki.

DISSENTING OPINION OF RICHARDSON, C.J., WITH
WHOM OGATA, J., JOINS

I respectfully dissent.

HRS § 11-193 (1970), Act 26, S.L.H. 1970, reads: ". . . each party, *committee*, and each candidate for a county office shall file, with the clerk of the county, an itemized statement . . . ." (emphasis added), and this language clearly imposes on Good Guys for Fasi the duty to file campaign statements. Both this statutory language and the legislative history[1] show the same legislative intent — committees shall file. Imposing such reporting duties on committees advances the overriding purpose of HRS § 11-193 (1970), which is to obtain disclosure of campaign expenditures, large contributions, and large contributors.

---

[1] House Stand. Com. Rep. No. 589, 5th Legis., 1969 House Journal 854, states:

6. The provisions on candidates' expenses have been broadened in coverage and made stricter.

a. Candidates for U.S. Senate and House, political parties, and committees supporting or opposing candidates or election questions are added to those now required to file election expense statements.

Since elections involve the granting of public trust, voters have the right to know how much a candidate, party, or committee has spent in influencing an election.

   *  *  *  *  *

c. Candidates, parties, and committees are required to report the names and addresses of contributors whose contributions exceed an aggregate of $100.

In granting public trust, voters have the right to know the identity of large contributors.

Senate Stand. Com. Rep. No. 830-70, 5th Legis., 1970 Sen. Journal 1377 is almost identical.

6. The provisions on candidates' expenses have been broadened in coverage

Furthermore, the legislature imposes duties on committees as entities. Committees are very common and highly prominent entities in political campaigns; they are ongoing organizations that survive the membership terms of particular individuals, and committees frequently control large amounts of money and other campaign resources. Indeed, that very control of money and resources concerned the legislature. Because it makes sense to impose the duty on the entity whose behavior one seeks to monitor, and because both the statute and the legislative history[2] clearly concern themselves with committee behavior, it considerably misreads legislative intent to state that unincorporated associations such as parties and committees were not given definite duties. The statute, the legislative history, and common sense indicate that the committee has a duty to file, and I believe that when the legislature says that committees shall file, it means committees.

The statute also punishes committees for violations of duty. While HRS § 19-6(10) clearly punishes certain natural persons for failing to file, HRS § 19-6(13) just as clearly punishes all other "persons" who violate duties imposed by the statute. HRS § 19-6(13) is a catch-all provision in regard to penalties and applies here because HRS § 19-6(10) does not.

---

and made stricter.

a. Candidates for U.S. Senate and House, political parties, presidential committees, and committees supporting or opposing candidates or election questions are added to those now required to file election expense statements.

Since elections involve the granting of public trust, voters have the right to know how much a candidate, party, or committee has spent in influencing an election.

*　　*　　*　　*　　*

c. Candidates, parties, and committees are required to report the names and addresses of contributors whose contributions exceed an aggregate of $100, including the amount contributed.

In granting public trust, voters have the right to know the identity of large contributors.

[2] *Ibid.*

The whole purpose of HRS § 19-6(13) is to insure that all duties are obeyed. Given that purpose and function of HRS § 19-6(13) and given that the statute nowhere defines "person," it is entirely proper to rely on HRS § 1-19 for a definition of "person." The obvious purpose of HRS § 1-19 is to define "person" when a statute does not, and there is precedent for such use of a general statutory definition of "person," *United States v. A & P Trucking Co.*, 358 U.S. 121, 3 L.Ed.2d 165, 79 S. Ct. 203 (1958).

The majority discusses the rules of statutory construction which must be kept in mind in interpreting statutes, however, those rules are merely aids in determining the intent of the legislature; they are not inflexible controls that predominate over legislative intent. We must remember that our primary duty, even in construing criminal statutes, is to give effect to the intent of the legislature, *State v. Prevo*, 44 Haw. 665, 668-669, 361 P.2d 1044 (1961); 3 *Sutherland Stat. Const.* § 59.06. As demonstrated above, the intent of the legislature is that committees shall file.

Even given that penal statutes are to be strictly construed, *Coray v. Ariyoshi*, 54 Haw. 254, 261, 506 P.2d 13 (1973), this is not a case where the duty is unclear; the information required to be filed is clearly specified. Neither is this a case where the entities subject to the duty are unclear; the statute specifies candidates, parties and committees. Finally, the statute penalizes violations by the committee.

While no statutory provisions or rules of criminal procedure provide for the service of criminal process on unincorporated associations, this is not fatal to this prosecution. As *Operative Plasterers' etc., Assn. v. Case*, 93 F.2d 56 at 65 (D.C. Cir. 1937), stated:

> In respect of any unincorporated association the service may be upon "any agent or representative of the association whose character in relation to the association is such that it could be reasonably expected that he would give notice of the suit to his association. (citation omitted).

While that case was civil and involved a union, those differences should not control. A campaign committee is as important in politics as a union is in business, and in terms of policy, the fear of associations acting beyond the practical limits of the law[3] applies in both civil and criminal contexts.

The values of fundamental fairness embodied in the notice requirement of due process are honored.

I would reverse.

---

[3] *See* United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 387-391 (1922).