STATE OF HAWAII, Plaintiff-Appellee, *v.* GEORGE P. FERREIRA, JR., Defendant-Appellant

NO. 5562

DECEMBER 26, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ., and CIRCUIT JUDGE KATO ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant Ferreira was convicted under HRS § 752-1 of maliciously converting an International Carry-all Station Wagon and was acquitted of maliciously converting an MG Roadster.

The vehicles had been abandoned within the meaning of HRS § 290-1, and pursuant to that section the County of Maui towed and stored the vehicles at the Maui County Jail yard in Wailuku, Maui. The vehicles were inoperable at the time they were towed and stored.

Claiming ownership, and with the help of two companions; the defendant towed the vehicles from the County Jail yard to his residence; where he kept them for several weeks. The police custodian in charge of the jail yard at the time of removal made no attempt to inspect closely the ownership papers submitted by the defendant, nor did the custodian insure that the defendant had paid the accrued charges before removing the vehicles.

The evidence conflicts as to whether the defendant knew

or was informed that he had to pay towing and storage charges *before* removing the vehicles from the jail yard. HRS § 290-4 requires any person entitled to possession to pay appropriate charges to meet the costs the County incurs in handling an abandoned vehicle. Failure to pay said charges is not a crime.

Whether or not the defendant could have been charged with another separate and distinct offense is not in issue.

The statute under which the defendant was convicted, HRS § 752-1,[1] was enacted to deal with the problem of "joyriding" because the legislature felt that the statutes governing larceny were insufficient to deal with the unauthorized but temporary use of certain forms of transportation. The legislative history of ch. 15, §1, S.L.H. 1917, the ancestor of HRS § 752-1, and the only history that explicitly defines purpose, clearly indicates this intent. Sen. Stand. Com. Rep. No. 57, 9th Terr. Legis., 1917 Sen. Journal 244-245 states:

> Under the present law, persons who without right take an automobile and go off for a ride often cannot be convicted under the statutes relating to larceny and it is not clear whether there is any good and sufficient law to cover the point. The proposed bill provides that a person maliciously and fraudently [*sic*] taking certain chattels should be punished in the same manner as is provided by the laws relating to larceny.

> The Committee feels that it would be better to make a specific penalty for this crime and to eliminate the requirement that the taking and conversion must be a fraudulent one, leaving it a malicious conversion only.

This report was before the House when it concurred in the Senate's amendments. Subsequent codifications and modifications have not changed the statute's purpose significantly.

We conclude that the evidence in this case does not warrant a conviction for "joyriding." First, there was no "joyriding" given the facts in this case. Second, the legislature specifically enacted HRS § 752-1 to deal with the problem of joyriding. Third, while this case may technically be within the letter of the law, there is an established principle

---

[1] Hawaii Penal Code § 836, Act 9, S.L.H. 1972, has replaced HRS § 752-1.

that behavior may be within the technical letter of the law but outside the spirit of a statute or the intent of the legislature and may thus fall outside the statute. *Jensen v. Turner*, 40 Haw. 602, 604 (1954); *Church of the Holy Trinity v. United States*, 143 U.S. 457 (1892); *Taylor v. United States*, 207 U.S. 120 (1907).

We do not reach the other issues raised.

Reversed.

*Joseph A. Ryan (Ryan & Ryan)* for defendant-appellant.

*Andrew T. Johnson, Jr.,* Assistant County Attorney, Arthur T. Ueoka, County Attorney (with him on the brief) for plaintiff-appellee.

### DISSENTING OPINION OF KOBAYASHI, J.

I dissent and would affirm the conviction. My reasons are three-fold:

1. Defendant was convicted under HRS § 752-1, which reads:

§752-1 *Defined; penalty.* Whoever maliciously and without the consent of the person entitled to the possession thereof, *moves, takes away, carries away,* or converts to his own use, any motorcycle, automobile, or any other motor driven vehicle, or any sampan, sailboat, motorboat, launch, or vessel of any kind whatsoever, or any airplane or aircraft, of any kind whatsoever, shall be guilty of the crime of malicious conversion and shall be fined not more then $1,000 or imprisoned at hard labor not more than five years, or both (emphasis added).

The words of the statute are clear and unambiguous and when a statute is plain and unambiguous there is no occasion for construction. *State v. Good Guys for Fasi*, 56 Haw. 88, 528 P.2d 811 (1974) (Supreme Court No. 5521, opinion filed November 25, 1974); *State v. Tamanaha*, 46 Haw. 345, 347, .379 P.2d 592, 593 (1963). Therefore, the majority errs in considering the legislative history and in giving effect to the legislative intent in construing the statute. *See Twentieth Century Furniture, Inc. v. Labor and Industrial Relations Appeal Board*, 52 Haw. 577, 579-80, 482 P.2d 151, 152-53 (1971).

2. Assuming arguendo that a construction of HRS § 752-1 is necessary, the conclusion of the majority that HRS § 752-1 prohibits only "joyriding" cannot stand.

Where construction is necessary, it is the court's purpose to give effect to the legislative intent. However, in order for the legislative intent to be given effect, it must be expressed in the statute or reasonably appear from the language used. *Hawaiian Airlines, Ltd. v. Public Utilities Commission*, 43 Haw. 216, 219 (1959); *Public Utilities Commission v. Narimatsu*, 41 Haw. 398, 401 (1956).

While the legislative history quoted in the opinion of the majority does indicate that the statute was enacted to deal with the problem of "joyriding", there is no declared legislative intent to restrict the statute solely to "joyriding". Furthermore, the language used in the statute does not, expressly or impliedly, limit the crime of malicious conversion to "joyriding". The word "joyriding" is not mentioned at all. In fact, the very words of HRS § 752-1, to-wit: "Whoever . . . *moves, takes away, carries away* . . ." (emphasis added), show clearly that "joyriding" is not the sole act constituting the crime of malicious conversion. Thus, defendant's act in towing the car from the government's storage yard to his premises without proper permission and payment of the storage fees falls within the proscription of the statute.

3. As stated in *State v. Kekaualua*, 50 Haw. 130, 132, 433 P.2d 131, 133 (1967), "When a jury verdict involves conflicting evidence and depends on the determination of credibility of witnesses or the weight of evidence, the test on appeal is whether there is substantial evidence to support the verdict of the jury."

The record reveals substantial evidence to support the conviction of the defendant and therefore the conviction should be affirmed.