UNITED STATES of America,
Plaintiff-Appellee,

v.

Alvin R. BUSTILLO,
Defendant-Appellant.

No. 85–1275.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1986.
Decided May 16, 1986.

Les Osborne, Asst. U.S. Atty., Gary L. Beaver, Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

H. Dean Steward, Hayden Aluli, Asst. Federal Public Defenders, Honolulu, Hawaii, for defendant-appellant.

Before CHOY, Senior Circuit Judge, WALLACE, Circuit Judge, and ENRIGHT*, District Judge.

CHOY, Senior Circuit Judge:

Alvin Bustillo appeals his conviction after a jury trial for unauthorized use of a vehicle under Hawaii Rev.Stat. § 708–836 (1976) and 18 U.S.C. § 13 (1982). We affirm the conviction.

## I

## BACKGROUND

Alvin Bustillo was employed at the Pearl Harbor Naval Base Public Works Center in Hawaii as a work leader on the Pearl Harbor beautification project. As part of his job he was authorized to drive a Government truck.

On March 14, 1985, Bustillo was indicted by a District of Hawaii grand jury for 1) conspiring to steal cable from the United States Government, 2) stealing the cable, 3) entering the Pearl Harbor Naval Base for the purpose of stealing cable, 4) entering and remaining in a building with intent to commit a theft, and 5) exerting unauthorized control over a propelled vehicle.

At trial the Government presented evidence that Bustillo knew of the Government requirement that no work was to be done without a work order, and that he nonetheless drove a Public Works Center dump truck without a work order to a Ford Island warehouse, where the stolen cable was stored. Bustillo testified that he received a call from "Chester", who asked him to bring the truck to the warehouse to pick up debris, and that it was accepted practice to do work without a work order. Chester Muraoka testified that he made no such call. Others testified that the beautification project on which Bustillo was working did not include Ford Island.

Silas Pile testified that he was informed that there were two dump trucks with cable outside his Sand Island business, implying that Bustillo's truck was at the scene of the alleged sale of the stolen cable. The trial judge in a previous conference had explicitly told the Government attorney to avoid reference to this concededly hearsay evidence. After the testimony was "blurted" out, Bustillo moved for a mistrial. Instead of granting Bustillo's motion, the trial court gave a limiting instruction.

The jury found Bustillo innocent of counts 1 through 4 (charges relating to the theft of cable). However, Bustillo was convicted of intentionally exerting unauthorized control over a vehicle, in violation of Hawaii Rev.Stat. § 708–836. Bustillo's motion for a judgment of acquittal was denied. He timely appeals.

## II

## SCOPE OF HAWAII REV.STAT. § 708–836

■ Bustillo first argues that the trial court erred by not granting his post-trial motion for a judgment of acquittal on the ground that Hawaii Rev.Stat. § 708–836 was not intended to encompass the conduct in which he was allegedly engaged.[1] Bus-

---

* The Honorable William B. Enright, United States District Judge from the Southern District of California, sitting by designation.

1. Hawaii Rev.Stat. § 708–836 (1976) reads as follows:

   **Unauthorized control of propelled vehicle.**
   (1) A person commits the offense of unauthorized control of a propelled vehicle if he intentionally exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent.
   (2) "Propelled vehicle" means an automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle.
   (3) It is an affirmative defense to a prosecution under this section that the defendant reasonably believed that the owner would have authorized the use had he known of it.
   (4) Unauthorized control of a propelled vehicle is a class C felony.

tillo contends that while his conduct may have fallen within the letter of the statute, it did not violate the spirit of the law, which was intended to proscribe "joyriding." *See Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892) ("It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers").

The parties do not disagree as to the nature of the conduct at issue. Bustillo drove the truck to the warehouse without first obtaining a work order. It is also clear that Bustillo was employed to drive the truck, and that he had sole control of the truck on the day in question.

Bustillo argues that in no way could his conduct be construed as "joyriding," which he defines as "a ride purely for pleasure." We agree that the statute was intended to proscribe "joyriding." *See State v. Ferreira,* 56 Hawaii 107, 108, 530 P.2d 5, 6 (1974). Nevertheless, commentary to section 708–836 defines joyriding as "the temporary borrowing ... just for the pleasure (or *convenience*) of operating the vehicle." Hawaii Rev.Stat. § 708–836 commentary at 391 (emphasis added). Bustillo's use of the truck without authorization (i.e. without a work order) for his convenience clearly falls within the scope of the statute.

## III

### SUFFICIENCY OF THE EVIDENCE

■ Bustillo additionally argues that the evidence presented by the Government was insufficient to convict him. We view the evidence in the light most favorable to the Government, and will sustain a conviction where the record reasonably supports a finding of guilt beyond a reasonable doubt. *United States v. Witt,* 648 F.2d 608, 611 (9th Cir.1981).

Bustillo makes two arguments regarding the sufficiency of the evidence. First, he contends that a rational factfinder could not have found that he *intentionally* exerted unauthorized control over the truck.

Second, he argues that the evidence indicates that he "reasonably believed" that control over the truck was authorized, which is an affirmative defense under the statute. *See* Hawaii Rev.Stat. § 708–836(3).

We reject Bustillo's contention that evidence of his intent was insufficient. It is clear that Bustillo intended to use the truck and that such use was unauthorized. The Government presented evidence relevant to the required procedures to obtain authorization to use the truck. It established that Bustillo knew of these procedures and that he did not follow them. By these facts, a reasonable jury could have concluded that Bustillo exerted intentional unauthorized control by operating the vehicle without consent. *See, e.g., People v. Helcher,* 14 Mich.App. 386, 165 N.W.2d 669 (1968) (evidence that the defendant had been driving car and admission that car was stolen supported conviction for joyriding statute); *State v. Costello,* 546 S.W.2d 22, 24 (Mo. App.1976) (exclusive and unexplained possession of recently stolen automobile was sufficient evidence of defendant's criminal intent to support conviction for operating and using a motor vehicle without owner's permission).

While it is clear that Bustillo intended to drive the truck and that he did so in violation of formal guidelines, the crux of the issue is not whether Bustillo in fact had authorization, but whether Bustillo reasonably *believed* his trip was authorized. It is an explicit affirmative defense under section 708–836 "that the defendant reasonably believed that the owner would have authorized the use had he known of it." Hawaii Rev.Stat. § 708–836(3). Because Bustillo presented evidence of his reasonable belief, the Government maintained the burden of disproving the affirmative defense. *See United States v. Guess,* 629 F.2d 573, 577 n. 4 (9th Cir.1980); *United States v. Hermosillo-Nanez,* 545 F.2d 1230, 1232 (9th Cir.1976), *cert. denied,* 429 U.S. 1050, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977).

The Government's case is made more difficult by a seemingly anomalous jury

verdict, which found Bustillo guilty of unauthorized use, but not guilty of the crime which allegedly motivated that use. Because the Government cannot rely on Bustillo's intent to steal to disprove Bustillo's alleged belief, it must present other evidence to rebut either Bustillo's alleged belief that driving without a work order was proper or his belief that there was authorized work to do on Ford Island.

Bustillo testified that he believed procuring work without a job order was accepted practice at Pearl Harbor. This was corroborated by the testimony of Herbert Santos. The Government presented no evidence challenging the existence of this practice.

However, the jury could have concluded that Bustillo did not reasonably believe he was authorized to go specifically to Ford Island to pick up debris. On this point, Chester Muraoka, the party who allegedly called Bustillo asking him to bring the truck, testified that he made no such call. Others testified that Ford Island was not part of the project for which Bustillo was employed. We hold that this evidence was sufficient to rebut Bustillo's reasonable belief defense.

## IV

### BLURTED HEARSAY TESTIMONY

Bustillo argues that the hearsay testimony of Silas Pile was highly prejudicial and should have resulted in a mistrial. Pile testified that he was told that *two* dump trucks with cable arrived at his place of business on Sand Island, implying that Bustillo's truck was at the scene of the alleged sale of stolen coils.

Because the trial court is in the best position to determine whether a given incident merits a mistrial, *United States v. Nace*, 561 F.2d 763, 768 (9th Cir.1977), the denial of a motion for mistrial will be affirmed absent a clear abuse of discretion by trial court, *United States v. Faulkenbery*, 472 F.2d 879, 882 (9th Cir.), *cert. denied*, 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973). Moreover, the alleged error must "pervade the trial with preju-

dice so as to constitute an unfair trial." *United States v. Nace*, 561 F.2d at 769.

We find Bustillo's contention that the admission of the hearsay was highly prejudicial unconvincing. Pile's testimony was intended to place Bustillo at the scene of the alleged sale of stolen coils, implicating him in the crime. However, the jury found Bustillo innocent of the crime.

Bustillo argues that the testimony placed Bustillo on Sand Island, an allegedly unauthorized area. Nevertheless, it is Bustillo's admitted presence at the Ford Island warehouse, from which the coils were taken and where Bustillo alleges that he picked up rubbish, that forms the basis for his conviction under the unauthorized use statute.

■ Bustillo argues that Pile's testimony impeached his credibility. But, it appears from the jury's verdict exonerating Bustillo from theft charges that the jury disbelieved Pile, not Bustillo. To the extent that the testimony did relate to the unauthorized use conviction, we hold that it did not "so pervade the trial with prejudice so as to constitute an unfair trial," *United States v. Nace*, 561 F.2d at 769, in light of the fact that the jury discounted the evidence in rendering judgment on the stealing charge and that other more solid evidence supports the unauthorized use charge.

## V

### JURY INSTRUCTION

■ Bustillo challenges the trial court's instruction to the jury regarding the reasonable doubt standard. Because there was no objection to the instruction at trial, we review the instruction under the plain error standard. "A plain error is a highly prejudicial error affecting substantial rights." *United States v. Giese*, 597 F.2d 1170, 1199 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. *Id.* "An

improper instruction rarely justifies a finding of plain error." *United States v. Glickman,* 604 F.2d 625, 632 (9th Cir.1979), *cert. denied,* 444 U.S. 1080, 100 S.Ct. 1032, 62 L.Ed.2d 764 (1980).

■ The trial judge instructed the jurors that they must find Bustillo guilty if they were "firmly convinced" of his guilt. Bustillo argues that this instruction was defective in that it reduced the Government's burden of proof. However, Bustillo points to no authority which suggests that the "firmly convinced" language used by the court constituted plain error.

The thrust of his reasoning is that there were other better instructions the court *should have* employed, such as those using "most important decision in one's life" or "hestitation to act" language. The availability of a better instruction does not provide a ground for reversal. *See United States v. Robinson,* 546 F.2d 309, 313–14 (9th Cir.1976), *cert. denied,* 430 U.S. 918 (1977); *see also United States v. Jensen,* 561 F.2d 1297, 1301 (8th Cir.1977) (absence of "hesitation to act" language does not constitute plain error). In *Jensen,* the court, reviewing under the plain error standard, affirmed the instruction to jurors that guilt should be found if they had "an abiding conviction of the defendant's guilt." 561 F.2d at 1300–01. We hold that the "firmly convinced" of guilt language employed by the trial court, like the "abiding conviction" of guilt language in *Jensen,* did not constitute a plain error.

Bustillo challenges the trial court's instruction that the jury must find him *not* guilty if there is a "real possibility" that he was not guilty. Bustillo contends that that burden was too stringent. He again points to better instructions which state that jurors having any "doubt based on reason and common sense" should find the defendant not guilty. *See Manual of Model Jury Instructions for the Ninth Circuit* § 3.04 (1985).

However, in *United States v. Newport,* 747 F.2d 1307, 1308 (9th Cir.1984), we affirmed an instruction defining reasonable doubt as "real doubt." We hold that the language "real possibility" of innocence is similar to "real doubt" as to guilt, and affirm the instruction.

Finally, Bustillo alleges that the trial court erred by including the phrase, "There are very few things in this world that we know with absolute certainty," and by discussing when the jury must find him guilty before discussing when it must find him not guilty. We are unconvinced that these particular instructions, when read in the context of the entire charge to the jury, constituted any error at all, and hold that these alleged infirmities certainly do not constitute plain error. *See United States v. Robinson,* 546 F.2d at 314.

## VI

### CONCLUSION

Bustillo's conviction under Hawaii Rev. Stat. § 708–836 and 18 U.S.C. § 13 is AFFIRMED.