962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee TAYLOR, Defendant-Appellant.
 No. 91-30133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1992.
Decided May 4, 1992.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-90-00133-T; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash
 AFFIRMED IN PART, REVERSED IN PART.
 Before: JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Lee Taylor (Taylor) appeals his conviction for distributing 55.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).
 
 FACTS
 
 3
 On November 30, 1988, Taylor was arrested for selling crack cocaine to a confidential informant (CI). The prosecution indicated at trial that there was an intentional 17-month, pre-indictment delay to preserve the identity of the CI, so that an undercover operation could continue. It was still continuing at the time of trial. Taylor was sentenced to 151 months imprisonment and 5 years supervised release and required to pay restitution of $1800, the amount the government voluntarily paid Taylor for the crack cocaine. We affirm in part and reverse in part.
 
 DISCUSSION
 I. Pre-Indictment Delay
 
 4
 Taylor waived his pre-indictment delay claim by failing to raise the issue in the district court. United States v. Andros, 484 F.2d 531, 533 (9th Cir.1973); see also United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). Thus, we may only review for plain error. Andros, 484 F.2d at 533. That is "highly prejudicial error affecting substantial rights." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986); Fed.R.Crim.P. 52(b).
 
 
 5
 Taylor has failed to meet his burden of demonstrating plain error. He has not established actual prejudice. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990); United States v. Sherlock, 865 F.2d 1069, 1073 (9th Cir.1989). Taylor's only claimed problem is with an "alibi" defense, rather than difficulty in contesting the details of the transaction itself. See United States v. Wagner, 834 F.2d 1474, 1478 (9th Cir.1987); United States v. Moran, 759 F.2d 777, 782-83 (9th Cir.1985), cert. denied, 474 U.S. 1102, 106 S.Ct. 885, 88 L.Ed.2d 920 (1986). Taylor had information regarding the time, place, and date of the transaction. "To prove actual prejudice a defendant must give more than 'mere assertions that ... witnesses' memories may have faded with the passage of time.' " Prantil v. California, 843 F.2d 314, 318 (9th Cir.) (citation omitted), cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988). The alibi defense would be affected by a delay regardless of the reason. For example, an even longer delay to complete an investigation would likely be reasonable and would just as likely affect the alibi defense. This, like other cases of faded memory, is a consideration that is, of necessity, taken into account by the statute of limitations. Sherlock, 865 F.2d at 1074.[1]
 
 II. Cross-Examination
 
 6
 Taylor's Sixth Amendment confrontation rights were not violated. The jury possessed sufficient information upon which to make a discriminating appraisal of the evidence and biases involved in the case. See United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991). It is true that a government agent testified that he did not use certain techniques because he was afraid that they would destroy the undercover investigation. In light of that testimony, it would have been proper to admit defense counsel's attempted cross-examination questions regarding alternative investigative techniques. However, it is highly unlikely that the exclusion had any effect upon the verdict. The proposed cross-examination was just a variant of the technique of asking a government agent why he did not do this or that in an investigation, a point which counsel was permitted to argue to the jury. See United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). Furthermore, defense counsel was permitted to make his point regarding the lack of objective evidence of fingerprints, photographs, and recordings in the case. See id. Finally, Taylor's attempted cross-examination for the purposes of exposing the biases of the CI was irrelevant. The CI's credibility was not directly at issue because he did not testify at trial nor was his identity known. Thus, given the record in this case, any alleged error by the trial court in limiting cross-examination was harmless beyond a reasonable doubt. See Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986).
 
 III. Restitution
 
 7
 The parties agree that the district court improperly ordered Taylor to pay restitution of $1800 for the amount the government voluntarily paid for the crack cocaine as part of the undercover operation. United States v. Salcedo-Lopez, 907 F.2d 97, 98-99 (9th Cir.1990). Thus, the order of restitution must be reversed.
 
 
 8
 Taylor's conviction is AFFIRMED. The order to pay restitution is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unnecessary to consider the length of and reasons for the pre-indictment delay because Taylor has failed to demonstrate the threshold requirement of actual prejudice. See Wagner, 834 F.2d at 1478