15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sukit MONGKHONWITAYAKUN, a/k/a Sukij Mongkolwitayakul,
Defendant-Appellant.
 No. 92-10686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Jan. 25, 1994.
 
 Before: POOLE, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sukit Mongkhonwitayakun ("Sukit") appeals his jury conviction for conspiracy to import heroin in violation of 21 U.S.C. Secs. 952, 960, & 963. Sukit also appeals his sentence under the United States Sentencing Guidelines. We affirm both his conviction and his sentence.
 
 DISCUSSION
 
 3
 Our review of a supposed withdrawal of a request to admit evidence at trial mixes questions of law and fact related to our jurisdiction which we review de novo. See DeNieva v. Reyes, 966 F.2d 480, 482 n. 1 (9th Cir.1992); Moss v. Comm'r Internal Revenue, 831 F.2d 833, 838 n. 9 (9th Cir.1987).
 
 
 4
 The evidentiary issues surrounding the letters written by Maliwan Mongkhonwitayakun (the "Maliwan Letters") were not preserved for appeal and are not properly before this court. Sukit's attorney withdrew his request to admit the Maliwan Letters.
 
 
 5
 In a colloquy between counsel and the court near the close of the prosecution's case-in-chief defense counsel clearly and unambiguously withdrew his prior request to have the Maliwan Letters received into evidence.[1] "It is well settled that '[a] party must raise an objection initially to the trial court to preserve it for appeal." United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990) (citations omitted). A corollary of this principle is that by withdrawing an objection the objection is not preserved on appeal. See United States v. W.F. Brinkley & Son Const. Co., Inc., 783 F.2d 1157, 1161 (4th Cir.1986) ("By withdrawing their objection to this portion of the trial court's instructions ... appellants failed to properly preserve this issue on appeal ..."). The same holds true for a request, namely, that in order to preserve the admissibility of evidence before an appellate court a request to admit must have been made to the trial court. The withdrawal of such a request obviates the issue of admissibility on appeal. See, e.g., United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984) (issue not presented to the trial court cannot be raised for the first time on appeal).
 
 
 6
 Since the defense withdrew its request to admit the Maliwan letters into evidence we review this issue as though the request were never raised. Our standard of review is plain error. See Fed.R.Crim.P. 52(b); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 
 7
 We find no plain error. Although they were never introduced physically into evidence, the district court allowed Sukit's attorney to read the Maliwan Letters directly to the jury without limit.
 
 
 8
 Moreover, the letters could not be introduced into evidence because they were out-of-court statements offered to prove the truth of defendant's guilt or innocence; they were inadmissible as hearsay. Fed.R.Evid. 801(c), 802. Although Sukit may demonstrate the relevance of the Maliwan Letters, he has not demonstrated their admissibility under any exception to the hearsay rule. For this reason the district court did not plainly err when it excluded the Maliwan Letters from evidence.
 
 
 9
 Appellant's argument that the court erred by allowing the prosecution in closing to argue the Maliwan letters to the jury as substantive evidence for the furtherance of the conspiracy is without merit. The defense failed to object to this line of argument so again we review for plain error. United States v. Feldman, 853 F.2d 648, 652 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989) (plain error standard where defendant does not object at trial).
 
 
 10
 Even if the prosecution overreached by arguing the Maliwan Letters as substantive evidence of the furtherance of the conspiracy the defense had previously taken full opportunity to read verbatim all of the arguably exculpatory portions of the Maliwan letters it wanted to the jury. Moreover, the prosecution's case did not rest on the Maliwan Letters, but on Maliwan's in court testimony and circumstantial evidence. The prosecution's momentary reliance on the letters as substantive evidence does not overcome their unworthiness as hearsay and thereby allow them to come into evidence, as Sukit argues. Nor did the government's closing argument deny defendant of due process. Sukit was represented by competent counsel who could have objected. There was no miscarriage of justice which would require a new trial. "This court has held repeatedly that 'improprieties in counsels' arguments to the jury do not require a new trial unless they are so gross as probably to prejudice the defendant and prejudice has not been neutralized by the trial judge.' " United States v. Potter, 616 F.2d 384, 391 (9th Cir.1979), cert. denied 449 U.S. 832 (1980) (citations omitted). On our reading of the record there was no impropriety which would prejudice the defendant, and Judge Ezra's instructions to the jury to "[r]emember that any statements, objections or arguments made by the lawyers are not evidence in the case" (Tr. 7/29/92 at 33) directly addressed the Appellant's concern. There was no plain error.
 
 
 11
 Appellant's argument that the district court abused its discretion when it excluded from evidence post-arrest sales receipts of Defendant's family business is without merit. Although post-conspiracy evidence is admissible if it is probative of the existence of the conspiracy ( see, e.g., United States v. Koppers Co., Inc., 652 F.2d 290, 298 (2d Cir.1981), cert. denied, 454 U.S. 1083 (1981)), a trial court has discretion to decide what is probative. See United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 12
 It was within the discretion of the court to decide that these after-the-fact gross receipts introduced by someone who was out of the country when they were produced could provide little of probative value to the jury's deliberations regarding the existence of a conspiracy. Moreover these receipts were inadmissible as "business records" hearsay because Ticomporn as their source "indicate[d] [a] lack of trustworthiness." Fed.R.Evid. 803(6).
 
 
 13
 The record does not support Sukit's contention that the court prejudiced the jury regarding the sales receipts which did come into evidence. Despite the court's statements while considering counsels' arguments about the merits of introducing the receipts into evidence (Tr. 7/28/92 at 104-19) the court provided corrective instructions, both at the time the evidence was introduced (Id. at 119), and when giving final instructions (Tr. 7/29/92 at 33-34). "[J]uries are presumed to follow their instructions." Richardson v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 14
 We review the "district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error." United States v. Egbuniwe, 969 F.2d 757, 763 (9th Cir.1992). The district court's adoption of the presentence report's finding that Sukit's sentence be based on importation of 8,007 grams of heroin was not clearly erroneous, nor did it misapply the relevant law of this circuit.
 
 
 15
 Sukit relies upon United States v. Duarte, 950 F.2d 1255, 1262-63 (7th Cir.1991), cert. denied, 113 S.Ct. 174, 121 L.Ed.2d 120 (1992). In Duarte the Seventh Circuit addressed the fact-finding standards which should govern a district court's determination that unconvicted activities are sufficiently related to the convicted offense. In that case the Seventh Circuit found that the district court had made only vague connections between the transactions in question and the convicted offense, and that its calculations were clearly erroneous because it incorrectly recalled the relevant trial testimony. Id. at 1264, 1266.
 
 
 16
 In this case, the relevant conduct in question does not stem from an unconvicted offense, but from acts in furtherance of the conspiracy to import more than one kilogram of heroin for which Sukit was indicted and convicted. Therefore, the teachings of Duarte, supra and United States v. Hahn, 960 F.2d 903 (9th Cir.1992) (in order to determine whether it is relevant in sentencing a court must consider the similarity, regularity, and temporal proximity of conduct extraneous to a conviction) are inapposite. Unlike these cases, the amounts of heroin attributed to Sukit for sentencing purposes were drawn accurately from the in-court testimony used to convict him of criminal conspiracy. Moreover, unlike Hahn and Duarte, the record is clear on how the court arrived at its determination, including the credibility of the witnesses.
 
 
 17
 We review the district court's factual determination of a defendant's aggravating role in the offense under the Sentencing Guidelines for clear error. See United States v. Barnes, 993 F.2d 680, 686 (9th Cir.1993). Sukit argues that the district court erred because it made no factual findings at the sentencing hearing about the number of persons involved in the conspiracy or about Sukit's role. But the court clearly stated its findings, and based them on its own hearing of all the trial evidence. Tr. 11/9/92 at 18-19. Although the court did not specify the number of people involved it did specify that its findings were drawn from the testimony given at trial. The indictment for which Sukit was convicted lists four coconspirators, and the testimony elicited at trial suggested an even more extensive network of couriers and purchasers. Tr. 7/23/92 at 93-94, 99. Sukit was the source of the heroin (Id. at 109), he recruited and paid Maliwan (Id. at 84-85), and apparently controlled the operation's money. Id. The court's upward adjustment for Sukit's leadership role was not clearly erroneous.
 
 
 18
 For the foregoing reasons, we AFFIRM Sukit's conviction and sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The colloquy in question follows:
 MR. GASNER [government attorney]: If the defense doesn't have Maliwan's letters back there [in the jury room], either, I think the government's situation is not--
 THE COURT: Which Maliwan letters?
 MR. GASNER: The letters of Maliwan that she wrote to the defendant, which right now are out of evidence. And as long as that stays that way, I think the playing field is not significantly tilted. If those letters go back to the jury and--
 MR. GARCIA [defendant's trial counsel]: I agree. I agree.
 MR. GASNER: Very well. If Mr. Garcia agrees, I'll stop talking.
 MR. GARCIA: I will withdraw the attempt to bring in--
 THE COURT: He's already withdrawn. I thought he withdrew that.
 MR. GARCIA: Yeah, I withdrew that.
 MR. GASNER: Very well. Understood.
 THE COURT: But he can certainly argue the Maliwan letters.
 MR. GARCIA: Yes, I read all of the relevant sections so I can argue it.
 Tr. 7/28/92 at 90-91.