42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James WALTON, Defendant-Appellant.
 No. 93-10717.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1994.
Decided Nov. 17, 1994.
 
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Defendant-Appellant Robert James Walton appeals his conviction on two counts of bank robbery, 18 U.S.C. Sec. 2113(c), on three grounds. Walton argues that the district court: (1) created undue prejudice by admitting evidence of Walton's alleged participation in an uncharged bank robbery; (2) erred by admitting Sergeant Katz's testimony about the two robberies; and, (3) erred in its instruction of the jury. We affirm.
 
 I.
 
 3
 Walton argues that the trial court erred by admitting evidence of an uncharged bank robbery under Fed.R.Evid. 404(b). Evidence of other crimes, wrongs, or similar acts may only be admitted to show a common scheme or plan, intent, or identity. Fed.R.Evid. 404(b). To justify the admission of such evidence, "the characteristics of the other crime or act must be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue.' " United States v. Luna, 21 F.3d 874, 878-879 (9th Cir.1994) (quoting United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991). In Walton's case there is little resemblance between the two robberies for which Walton was convicted and the uncharged robbery. The trial court erred in admitting the evidence concerning the uncharged robbery. However, for such an error to rise to the level of a reversible error, Walton must establish that he suffered undue prejudice as a result of the admission of the evidence. Walton's confession and testimony from two eyewitnesses at trial was sufficient to convict him absent any evidence of the third, uncharged robbery. Under the harmless error rule of Lopez, this error does not merit reversal. United States v. Lopez, 803 F.2d 969 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 II.
 
 4
 At trial Walton failed to object to Sergeant Katz's testimony about the two robberies. Walton now contends that the trial court erred in admitting the police officer's testimony regarding the robberies because it was perceived by the jury to be evidence of "other acts" establishing that Walton had a propensity for bank robbery. Although Sergeant Katz testified that an FBI suspect list identified Walton in connection with seven burglaries, the officer's testimony was correctly admitted to exhibit the officer's belief that the defendant was involved in only two of the seven burglaries: the two for which he was being tried. Even if some jurors believed Walton was suspected of committing other bank robberies, such a misperception did not corrupt Walton's trial. A misperception by the jury must result in a "highly prejudicial error affecting substantial rights" of the defendant in order for it to warrant a new trial. United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 III.
 
 5
 Walton further asserts that the trial court erred in its instruction to the jury. The district court's jury instruction stated, in relevant part, that the jury must find that Walton used "force or intimidation". The statute requires a finding of "force and violence, or intimidation". However, the court's error is harmless since the government based its case on "intimidation", the portion of the statute unaffected by the court's abbreviated statutory language. Thus, the trial court's misstatement of the statutory language in the jury instruction was harmless and does not require reversal of Walton's conviction. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3