WENTWORTH, Judge.
Appellants seek review of an administrative order denying their applications for a community nursing home certificate of need (CON). We find that the revised application of appellant Manor Care, Inc. was properly rejected as containing impermissible amendments. We also find that the application of appellant Health Quest Corporation was properly rejected upon a determination that it was incomplete, and that there were other permissible reasons for the denial of Health Quest’s application. We therefore affirm the order appealed.
Appellants Manor Care and Health Quest, along with several other health care providers, filed competing applications for CONs for community nursing home beds. Manor Care and Health Quest each initially sought to construct additional facilities at existing care centers. Appellee Department of Health and Rehabilitative Services (HRS) advised Health Quest by letter that its application contained certain omissions. Health Quest responded by providing additional information, also noting that:
... we are amending this application so that it will entail a conversion of ... existing ... sheltered beds to community beds, plus an addition of ... more community beds in existing space.
HRS subsequently published a “Notice of Completeness” listing various applications, including those of Manor Care and Health Quest as “deemed ... complete for a batch review.”
HRS thereafter reviewed the batched applications, and expressed an intent to deny the applications of Manor Care and Health *28 Quest and award CONS to two competing applicants. Manor Care and Health Quest, along with certain other applicants, then requested an administrative hearing.
Manor Care submitted what it denominated as “updates” to its application, and at the hearing proceeded upon this revised application. Manor Care’s initial application was based upon a facility design containing three beds per room, while the revised application design contained two beds per room. This change was accompanied by an increase in square footage, and an altered Medicaid commitment. After the various parties presented evidence, including the testimony of numerous witnesses addressing the criteria for comparative review, the hearing officer entered a recommended order. Determining that Manor Care’s revised application was more than a “mere updating,” and was intended to overcome criticism expressed in HRS’ initial review, the hearing officer concluded that Manor Care was attempting a “substantial change” in its application, constituting an “impermissible and unauthorized amendment” which could not be considered. Noting that evidence was not submitted in support of Manor Care’s original application, the hearing officer recommended that it be denied.
As to the application of Health Quest, the hearing officer acknowledged that HRS had deemed its amended application to be “complete” for a batch review and had considered it accordingly. However, the hearing officer found that the amended Health Quest application lacked certain required information including a detailed statement of financial feasibility, a detailed description of the amended project, an assessment of need in relation to the applicable health system plan, and an analysis of the probable impact on costs. Concluding that the evidence did not support HRS’ determination of completeness, the hearing officer recommended that Health Quest’s amended application be denied as incomplete.
Despite these recommendations, the hearing officer detailed his consideration of the merits of all applications. Manor Care was ranked as the third most deserving applicant and based upon bed need computations the hearing officer suggested that Manor Care’s revised application should be approved if HRS disagrees with the conclusion as to the impermissibility of Manor Care’s revisions to its application. With regard to the merits of Health Quest’s application, the hearing officer ranked it last and found it to be the most deficient among the competing applications, recommending that even if HRS should disagree with the conclusion that it is incomplete, the application should still be denied.
The various parties filed exceptions to the hearing officer’s recommended order. HRS submitted an exception to the conclusion that Manor Care’s application should be denied because of the impermissible revisions. HRS maintained that although this was an improper amendment, the irregularity had been waived. Health Quest contested this exception, suggesting that HRS’ position would violate the rights of the competing applicants. HRS entered a final order accepting Health Quest’s argument and denying the HRS exception. The final order also denied Manor Care’s assertion that HRS should be estopped in this regard. The order details HRS’ rulings as to numerous other exceptions submitted by the various parties, and adopted and incorporated the findings of fact and conclusions of law contained in the hearing officer’s recommended order. HRS accordingly approved the two CON applications which the hearing officer recommended, and denied the other applications including those of Manor Care and Health Quest.
The opinion in Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1986), indicates that strict adherence to rules precluding the amendment of completed applications is essential to the integrity of the batching concept for comparative review. Rule 10-5.010(2)(b), F.A.C., provides that after an application is “deemed complete .. no further application information or amendment will be accepted. ...” HRS has interpreted its rules, in light of Gulf Court, as precluding the amendment of a completed application af *29 ter initial agency review, except upon a change of circumstances beyond the applicant’s control. See e.g., Good Samaritan Health Systems Inc. v. Department of Health and Rehabilitative Services, 9 FALR 2343, at 2365 (May 5, 1987). HRS adopted a similar approach in Health Care & Retirement Corporation of America v. Department of Health and Rehabilitative Services, 8 FALR 4650 (September 24, 1986). That decision was reversed on appeal in Health Care & Retirement Corporation v. Department of Health and Rehabilitative Services, 516 So.2d 292 (Fla. 1st DCA 1987), where the court emphasized that Gulf Court did not address the amendment of an application upon exceptional circumstances or prohibit the presentation of updated current information. In Health Care the court further indicated that the amended application involved in that case contained only an insignificant “new element” and had been recognized by HRS as “within the general scope” of the original application.
The changes which Manor Care sought to make in its application altered the basic design of the facility from three-bed rooms to two-bed rooms, with a corresponding increase in square footage of over 20%. While minor refinements to an application have been allowed in cases such as Health Care, supra, and Palms Residential Treatment Center Inc. v. Department of Health and Rehabilitative Services, 10 FALR 1425 (February 15,1988), HRS has continued to maintain that as to matters within an applicant’s control significant changes to a completed application are not permitted. See Charter Medical-Orange County Inc. v. Department of Health and Rehabilitative Services, 11 FALR 1087 (February 2, 1989). This approach is consistent with the plain language of Rule 10-5.010(2)(b), which effectively ensures that all completed applications proceed through the review process on an equal basis. Even though HRS may have initially been willing to waive the strict requirements of Rule 10-5.010(2)(b), the presence of other competing applicants precludes any waiver or estoppel in the circumstances of this case. HRS was thus entitled to reject Manor Care’s purported revisions as impermissible amendments to a completed application.
With regard to Health Quest’s application as amended after HRS’ initial request for additional information, the ensuing determination of completeness was revisited by the hearing officer and HRS after the administrative hearing. As Gulf Court acknowledges, comparative CON review under section 120.57, Florida Statutes, may be afforded only as to completed applications, but the hearing officer is not limited to consideration of the record made by HRS during its preliminary action. Section 381.494(4), Florida Statutes (1985), which is applicable in the present case, details the necessary contents of a CON application. The competing applicants are entitled to comparative review upon applications which satisfy these necessary minimum criteria. The hearing officer was thus entitled to consider the completeness of Health Quest’s application in order to apply comparative review principles on an equal basis with the competing applicants.
Health Quest has not shown that it was prejudiced by surprise at the administrative hearing, or any other circumstance by which HRS may be estopped or deemed to have waived further review of the completeness issue. The presence of other competing applicants also precludes waiver or estoppel under the circumstances of this case. Due to our disposition in this regard we do not address the further determination below that Health Quest’s application was the least deserving on the merits, as we conclude that it was properly rejected as incomplete.
The order appealed is affirmed.
ERVIN and ZEHMER, JJ., concur.