561 So.2d 388 (1990)
HUMHOSCO, INC., d/b/a Humana Hospital Brandon, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, St. Joseph's Hospital and Hillsborough County Hospital Authority, Appellees.
No. 89-1970.
District Court of Appeal of Florida, First District.
May 7, 1990.
Rehearing Denied June 13, 1990.
*389 James C. Hauser of Blank, Hauser and Amundsen, P.A., Tallahassee; and Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Eaton, Davis & Marks, P.A., Tallahassee, for appellant.
Lesley Mendelson, Senior Atty. for Department of Health and Rehabilitative Services, Tallahassee, for appellee/HRS.
Elizabeth McArthur, John Radey and Harry O. Thomas of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellee/Hillsborough County Hosp. Authority.
Ivan Wood of Wood, Lucksinger & Epstein, Houston, Tex., for appellee/St. Joseph's Hosp.
SMITH, Judge.
Humhosco appeals a final order of the Department of Health and Rehabilitative Services (HRS) denying its application for a certificate of need (CON) for the construction and operation of an open heart surgery facility at one of its hospitals, Humana Hospital Brandon. HRS denied the application for two reasons: (1) the letter of intent (LOI) submitted by Humhosco, a wholly-owned subsidiary of Humana, was deficient because the board resolutions accompanying the LOI were in the name of Humana's board of directors, not Humhosco's; and (2) Humhosco's certificate of need application was incomplete because it submitted financial statements from Humana Hospital Brandon rather than financial statements of Humhosco, the applicant. We affirm.
Humhosco submitted a LOI to file an application for a CON to install and operate an open heart facility at Humana Hospital Brandon. It followed the LOI with an application for the CON. HRS issued a letter of omissions, requesting additional information, but did not advise Humhosco that the certificate accompanying the LOI evidenced resolutions from the corporate parent of Humhosco, not Humhosco, or that the financial statements submitted were those of Humana Hospital Brandon instead of Humhosco. Thereafter, HRS informed Humhosco that its application was deemed complete. Then HRS advised Humhosco by letter that it intended to issue the CON. St. Joseph's Hospital, University Community Hospital, and Hillsborough County Hospital Authority (Tampa General) each filed a petition for formal administrative hearing with respect to the intent to award the CON to Humhosco. Later, University Community Hospital voluntarily dismissed its petition. Following the administrative hearing, the hearing officer entered an order recommending the denial of Humhosco's CON application.
We first consider the deficiency in the LOI. Attached to the LOI was a certificate authorizing Humhosco to file the CON application and make the necessary expenditures to accomplish the project, which was signed by Alice F. Newton, as secretary of Humana, Inc., certifying that the representations were resolutions of the board of directors of Humana, Inc. Section 381.709(2)(c), Florida Statutes (1987), requires in pertinent part:
The letter of intent shall contain a certified copy of the resolution of the board of directors of the applicant, or other governing authority if not a corporation, authorizing the filing of the application described in the letter of intent; authorizing the applicant to incur the expenditures necessary to accomplish the proposed project; certifying that if issued a certificate, the applicant shall accomplish the proposed project within the time allowed by law and at or below the cost contained in the application; and certifying *390 that the applicant shall license and operate the facility.
The hearing officer concluded that the LOI submitted by Humhosco failed to include a resolution by the board of directors of the applicant, Humhosco, as required by the statute.
We turn next to the CON application. When the application was filed, it was accompanied by a certificate containing resolutions similar to those contained in the certificate accompanying the LOI. The certificate was signed by Alice F. Newton, but this time in her capacity as secretary of Humhosco; and the resolutions, required by section 781.707(4), were adopted by the board of directors of Humhosco. However, the CON application was nevertheless deficient, because it contained no financial statement of Humhosco. Instead, there were audited financial statements for Humana Hospital-Brandon, which is a division of Humhosco, not Humhosco.
Section 381.707(3), Florida Statutes (1987), requires an application for a CON to contain:
(3) An audited financial statement of the applicant. In an application submitted by an existing health care facility, health maintenance organization or hospice, financial condition documentation shall include, but need not be limited to, a balance sheet and a profit-and-loss statement of the two previous fiscal years' operation.
The hearing officer found that the financial statements did not conform to the above statutory requirement, and were inadequate to assess the financial condition of Humhosco because nothing in the record supported an inference that Humhosco's other hospitals, as well as the other assets that Humhosco might own, are profitable or, if unprofitable, whether their losses are exceeded by the profits of Humana Hospital-Brandon. Thus, the hearing officer determined that this deficiency was material.
With respect to both the LOI deficiency and the CON deficiency, the hearing officer concluded that section 381.707(3) and section 381.709(2)(c) set forth unconditional requirements the Legislature has imposed upon CON applicants. The language of the statute does not leave to the agency's discretion whether or how to enforce these requirements. The hearing officer concluded that these deficiencies alone required the denial of Humhosco's CON application.
HRS sustained the hearing officer's determination that denial of the application was required because of Humhosco's failure to comply with the statutory requirement that the LOI contain a certified copy of a resolution of the board of directors of the applicant, and the requirement that the CON application include the applicant's audited financial statements for two years.
Concerning the deficiency of the LOI, Humhosco argues that the purpose of the LOI is to put the public and existing and potential providers on notice of the expected filing of the CON application, and that its LOI completely fulfilled this statutory purpose. Thus, urges Humhosco, the deficiency was technical and immaterial. Next, Humhosco argues that because HRS accepted the LOI as sufficient to allow the filing of the CON application and never noted any deficiencies in the LOI, HRS is now estopped to change its position and rule otherwise. Humhosco contends that it relied on HRS's affirmative acceptance of the LOI by filing a complete CON application and expending all the money to fully litigate its CON application.
Next, with respect to the deficiency in Humhosco's CON application, Humhosco contends that HRS should be estopped from ruling that Humhosco did not meet the requirements of section 381.707(3) because it accepted Humhosco's CON application as complete, rather than informing Humhosco of this deficiency in a letter of omissions. Humhosco further complains that regarding both deficiencies, HRS took the position in the formal administrative hearing held below that these were not material deficiencies which precluded approval of the CON application. However, in its final order, HRS flip-flopped, changed its position to the detriment of Humhosco, and agreed with the hearing officer that these deficiencies precluded approval.
*391 The language in section 381.709(2)(c) requiring the LOI to contain a certified copy of the resolution of the board of directors of the applicant is mandatory. Neal v. Bryant, 149 So.2d 529 (Fla. 1962) (the word "shall" in statute normally has a mandatory connotation). The importance of action by the board of directors of the applicant formally authorizing the filing of a CON application and the expenditures necessary to accomplish the proposed project is self-evident. In Health Care and Retirement Corporation of America v. Department of Health and Rehabilitation Services, 463 So.2d 1175 (Fla. 1st DCA 1984), this court upheld a rule imposing a legal obligation on a CON applicant to file a copy of the LOI with the local health council and providing that the failure to timely furnish the required LOI to the local health council would cause HRS not to consider the application in respect to that particular batching cycle. In response to the challenge to the rule on the grounds that it exceeded the authority delegated to HRS, this court noted that the implementing statute, section 381.494(5) unequivocally required that "at least 30 days prior to filing an application, a letter of intent shall be submitted by the applicant to the local health council and the Department." This court ruled that the language was mandatory and required exact compliance.
Next, Humhosco did not comply with the requirement of section 381.707(3), requiring an audited financial statement of the applicant. Failure to submit the financial statements of the applicant prevents competing applicants and other substantially interested parties from meaningfully reviewing and testing the financial feasibility of the proposed project and the financial ability of the applicant to implement the project. In N.M.E. Hospitals, Inc. v. Department of Health and Rehabilitative Services, 492 So.2d 379, 385 (Fla. 1st DCA 1986), this court ruled that the statutory mandate that an application must contain a statement of the project's purpose and need in relation to the applicable health systems plan is one that may not be waived by the department. Similarly, we agree with HRS that it cannot waive the requirement of an audited financial statement from the actual applicant.
Section 381.709(3)(a), Florida Statutes (1987), provides that if an application is incomplete, HRS shall request specific information from the applicant necessary for the application to be complete; however, the statute also provides that HRS may make only one such request. In this case, as above noted, HRS issued an omissions letter but did not request an amended LOI certificate or financial statement from Humhosco, and thus, Humhosco argues, HRS is estopped from contending that its application was incomplete. We find this argument unavailing.
In order to demonstrate estoppel, it must be shown that there was a representation as to a material fact that is contrary to a later-asserted position; a reliance on that representation; and a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon. State Department of Revenue v. Anderson, 403 So.2d 397 (Fla. 1981). When HRS accepted Humhosco's application as complete, this was not a representation as to a material fact which was contrary to HRS's later-asserted position. Manor Care, Inc. v. Department of Health and Rehabilitative Services, 558 So.2d 26 (Fla. 1st DCA 1989). Acceptance of the LOI and CON application and a notice of intent to issue a CON are preliminary agency decisions subject to challenge in a de novo section 120.57 administrative hearing at which the applicant bears the burden of proving compliance with the CON law. HRS's preliminary acceptance of the LOI and CON application filed by Humhosco does not estop HRS from considering whether Humhosco has met its burden of proving compliance with the statutory requirements in sections 381.707 and 381.709. Moreover, there is no support for Humhosco's contention that its expenditure of money to litigate its CON application constituted detrimental reliance. There is no evidence that Humhosco would not have challenged the denial of its CON application in a 120.57 proceeding, thereby incurring legal expenses, even if HRS had notified *392 it of the deficiency in the LOI and the incompleteness of its CON application.
Finally, we are not persuaded by Humhosco's complaint that initially HRS was aligned with Humhosco's position that the above-stated deficiencies were immaterial and technical but then changed its mind after the formal administrative hearing. We agree, as noted by appellees, that it is the purpose of the de novo section 120.57 hearing to give the agency an opportunity to change its mind.
The remaining issues raised by Humhosco are without merit. Having determined that HRS correctly denied the CON application based upon the deficiency in the LOI and the deficiency in the CON application, we do not reach the additional contention asserted by appellees, based on the hearing officer's findings, that the application should have been denied for the further reason that there is no need for another open heart surgery program in District VI, and that HRS's determination of need based upon its "averaging" policy is contrary to the language of rule 10-5.011(1)(f)11, Florida Administrative Code.
AFFIRMED.
WENTWORTH and ALLEN, JJ., concur.