584 So.2d 39 (1991)
MARTIN MEMORIAL HOSPITAL ASSOCIATION, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 91-0829.
District Court of Appeal of Florida, Fourth District.
July 5, 1991.
Rehearing and Rehearing and Certification Denied September 18, 1991.
Bryon B. Matthews, Jr., McDermott, Will & Emery, Miami, for petitioner.
Edward G. Labrador, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for respondent.
Rehearing and Rehearing En Banc and Certification Denied September 18, 1991.
PER CURIAM.
We have for review nonfinal action by the Department of Health and Rehabilitative Services (HRS). We accept jurisdiction as it appears that final agency action may not be completed in time to permit petitioner to meet a July 8, 1991, deadline. Thus the remedy (final agency action) is inadequate because it will come too late. See § 120.68(1), Fla. Stat. (1989). See also City of Orlando v. Orlando Professional Fire Fighters, Local 1365, IAFF, 412 So.2d 406 (Fla. 5th DCA 1982).
Petitioner filed a letter of intent to file a certificate of need application for an open heart surgery program. Accompanying documents evidenced approval by petitioner's board of directors for completion of the program "within the cost guidelines specifically indicated in the above-referenced Certificate of Need."
HRS rejected the letter of intent because of use of the term "within the cost guidelines" rather than the phrase "at or below the costs contained in the application."
The issue is whether failure to use the precise language mandated by HRS is fatal to the letter of intent.
The language in question comes from section 381.709(2)(c), Florida Statutes (1989), which provides in pertinent part:
The letter of intent shall contain a certified copy of a resolution by the board of directors of the applicant, or other governing authority if not a corporation, authorizing the filing of the application described in the letter of intent; authorizing the applicant to incur the expenditures necessary to accomplish the proposed project; certifying that if issued a certificate, the applicant shall accomplish the proposed project within the time allowed by law and at or below the costs contained in the application; and certifying that the applicant shall license and operate the facility.
(Emphasis added.)
Rule 10-5.008(1)(d), Florida Administrative Code, effective January 31, 1991, provides that the board resolution accompanying *40 a letter of intent "shall contain, verbatim, the requirements specified" in section 381.709(2)(c) (emphasis added).
As noted earlier, the resolution attached to petitioner's letter of intent stated that the project would be completed "within the cost guidelines specifically indicated in the above-referenced certificate of need." HRS contends that the underlined language is invalid and must instead read "at or below the costs... ."
Section 120.68, Florida Statutes (1989), provides for judicial review of agency action. Section 120.68(12), states:
(12) The court shall remand the case to the agency if it finds the agency's exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law;
(b) Inconsistent with an agency rule;
(c) Inconsistent with an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or
(d) Otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.
Also, "[i]t is well established that courts have the right to review and grant relief from administrative action which is arbitrary, capricious, unreasonable, discriminatory, or oppressive, or which constitutes an abuse of discretion." 1 Fla.Jur. 2d Administrative Law § 169 (1977).
Petitioner correctly contends that agency action which yields inconsistent results based upon similar facts, without reasonable explanation, is improper, see North Miami Gen. Hosp. Inc. v. Office of Community Medical Facilities, Dept. of Health and Rehab. Serv., 355 So.2d 1272, 1278 (Fla. 1st DCA 1978), and points out that in 1988 it submitted a letter of intent accompanied by a board resolution which contained the language "at or below costs," but that language was rejected by HRS. HRS then gave petitioner a sample form which contained the language "within the cost guidelines." Petitioner resubmitted its letter of intent using the sample form language, and it was accepted. In 1990 petitioner filed another letter of intent accompanied by a board resolution containing the language "within the cost guidelines," and the letter of intent was accepted as valid. Accordingly, petitioner contends, HRS, in rejecting the 1991 letter of intent, is acting inconsistently with its own prior policy and practice.
HRS admits that it acted differently in the past, but contends that the promulgation of rule 10-5.008(1)(d) "necessitated a shift from prior practice and a new enforcement of the agency's statutory and rule mandates." HRS also contends that the rule should now be enforced despite the fact that it "previously has been lax in adhering to its own rules and statutory mandates which it has now begun to enforce." Promulgation and publication of the new rule, contends HRS, put petitioner on notice that the language of the resolution must track, verbatim, the language of the statute. In response, petitioner contends that during workshops which occurred during the rulemaking process that led to the adoption of rule 10-5.008(1)(d), HRS "advised that although the new rule stated that board resolutions must be `verbatim,' this requirement did not mean word-for-word use of the exact language of the statute, rather only that the board resolution must reasonably comply with the statutory requirements of Chapter 381.709(2)." Such "reasonable" or "substantial" compliance is in accord with rule 10-5.008(1)(b), which states that "[t]he contents of the letter of intent shall be consistent with paragraph 381.709(2)(c), Fla. Stat... . ." (Emphasis added.)
Petitioner contends that there is no difference in meaning between "at or below the costs" and "within the cost guidelines." In response, HRS argues that:
The word "guideline" is defined in the American Heritage Dictionary, Second College Edition as "[a] statement of policy or procedure." Given this definition it is conceivable that an applicant could propose a policy or procedure in it [sic] application by where [sic] its commitment to build the project at a certain cost could *41 change if the CON is issued. This possibility would be contrary to the strong sum certain commitment an applicant must resolve in a letter of intent.
We agree with petitioner that this argument is not reasonable. Since the costs of the project are specifically stated in the certificate of need application, we fail to see how an applicant could, simply by using the words "cost guidelines" in its resolution, provide for an increase in the costs of the project after being granted a certificate of need. We agree with petitioner that "at or below the costs" and "within the cost guidelines" under these circumstances means substantially the same thing.
Accordingly, we reverse and remand with directions to permit petitioner to file its certificate of need application in the First Batching Cycle of 1991 for Hospital Projects.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD, HERSEY and STONE, JJ., concur.