944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sherwood CHAISON, aka Skip, Defendant-Appellant.
 No. 90-10132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1991.*
Decided Sept. 26, 1991.
 
 Before CHOY, ALARCON and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherwood Chaison appeals from the judgment of conviction and imposition of sentence for possession with intent to distribute methamphetamine, distribution of methamphetamine, and use of a firearm during a drug trafficking crime.
 
 
 3
 Chaison seeks reversal on the following grounds:
 
 
 4
 One. Chaison did not receive effective assistance of counsel because his attorney (1) failed to object to the admission of a witness' out-of-court statements, and (2) failed to file a motion to suppress guns found in Chaison's car during an alleged illegal search.
 
 
 5
 Two. The jury instruction defining reasonable doubt impermissibly reduced the government's burden of proof.
 
 
 6
 We disagree and affirm.
 
 
 7
 * PERTINENT FACTS
 
 
 8
 On March 16, 1989, Frederick Marshall, a Drug Enforcement Administration (DEA) agent, went to Diane Mills' apartment to purchase methamphetamine. Mills agreed to try to locate several pounds of methamphetamine for Marshall. Later that day, Marshall spoke to Mills during several telephone calls. Mills stated to Marshall that two pounds of methamphetamine would be available the next day. She informed Marshall that a third person would be there during the purchase. These calls were recorded and transcribed. Some of the transcripts of these telephone calls were introduced into evidence without objection.
 
 
 9
 Marshall returned to Mills' apartment the following day. He was introduced to Chaison. Chaison was wearing a holstered gun. Chaison showed Marshall the drugs he had for sale. Chaison informed Marshall that he had a pound of methamphetamine in his possession. Chaison also told Marshall that another pound would be delivered after Marshall paid for the first pound. After Marshall informed Chaison that the money for the drugs was in his car, they left the apartment. Once outside, Marshall gave a signal to other DEA agents to arrest Chaison. Chaison relinquished his car keys at the request of one of the DEA agents. The agents seized two loaded guns from his locked car.
 
 II
 DISCUSSION
 A. Competency of Counsel
 
 10
 As set forth above, Chaison contends that he was deprived of effective representation of counsel at his trial. This issue was not presented to the district court. The Government argues that the record before the trial court does not demonstrate such obvious inadequacy of counsel as to support a finding of plain error. We agree.
 
 
 11
 The Government contends that this court should not review this case because Chaison failed to raise the issue of ineffective assistance of counsel before the district court. In United States v. Wagner, 834 F.2d 1474 (9th Cir.1987), we held that an insufficiency of counsel claim should not be considered on direct appeal, where the appellant asserts that counsel's trial strategy was inadequate, unless counsel's ineffectiveness is so obvious that it is not necessary to develop facts outside the trial record. Id. at 1482-83. Under such circumstances, the trial court's failure to take notice sua sponte of the problem " ' "might constitute plain error which may be considered on direct appeal." ' " Id. at 1482 (quoting United States v. Kazni, 576 F.2d 238, 242 (9th Cir.1978) (quoting United States v. Porter, 431 F.2d 7, 11 (9th Cir.) cert. denied, 400 U.S. 960 (1970))).
 
 
 12
 An attorney's trial tactics are presumed to be "sound trial strategy." Strickland v. Washington, 466 U.S. 668, 689 (1984). The record is silent as to the reasons that Chaison's trial counsel failed to object to Mills' extrajudicial statements or to file a motion to suppress. "On the record before this court, there are insufficient facts to overcome the presumption that trial counsel's alleged omissions were the result of sound trial strategy or an understanding that an objection would be frivolous." United States v. Steele, 785 F.2d 743, 750 (9th Cir.1986). Because Chaison has failed to demonstrate that his trial counsel's performance was obviously inadequate, we cannot review his claim of ineffectiveness from the record present on this direct appeal.
 
 
 13
 B. Alleged Instructional Error.
 
 
 14
 Chaison contends that the instruction on "reasonable doubt" given to the jury reduced the Government's burden of proof in violation of his right to due process. The district court's reasonable doubt instruction reads as follows:
 
 
 15
 The indictment is not evidence. The defendant is presumed to be innocent and does not have to testify or present evidence to prove innocence. The government has the burden of proving every element of each of the charges beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.
 
 
 16
 I have told you that the government must prove the defendant's guilt beyond a reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense which arises after a careful and impartial consideration of all the evidence.
 
 
 17
 Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty of a count charged in the indictment.
 
 
 18
 If after a careful and impartial consideration of all the evidence with your fellow jurors you are not firmly convinced that the defendant is guilty of the crime charged in a count, there exists a reasonable doubt and it is your duty to find him not guilty of that count. On the other hand, if after a careful and impartial consideration of all the evidence with your fellow jurors you are firmly convinced that the defendant is guilty of the crime charged in a count, you have been convinced beyond a reasonable doubt and it is your duty to find him guilty as charged
 
 
 19
 Chaison did not object to the jury instructions. Chaison argues that the phrase, "firmly convinced" falls into the category of phrases such as "an actual substantial doubt," "moral certainty," and "grave uncertainty," which the United States Supreme Court has recently held suggest a higher degree of doubt than is required by "reasonable doubt." See Cage v. Louisiana, --- U.S. ----, 111 S.Ct. 328, 329-330 (1990).
 
 
 20
 Cage is distinguishable from the instant matter. First, Cage does not discuss the use of the phrase "firmly convinced." Secondly, in Cage, defense counsel objected to the state trial court's instruction on reasonable doubt. In a direct appeal from the judgment of conviction, the Louisiana Supreme Court rejected Cage's contention that the reasonable doubt instruction was improper. State v. Cage, 584 So.2d 39, 41 (La.1989).
 
 
 21
 If no objection was made to an instruction before the trial court, our review is limited to a search for plain error. United States v. Ramo, 861 F.2d 228, 230 (9th Cir.1988). "Plain error is highly prejudicial error affecting substantial rights and is found only in exceptional circumstances." United States v. Harris, 738 F.2d 1068, 1072 (9th Cir.1984). Under the plain error rule, an appellant must demonstrate that it is highly probable that the challenged language of an instruction "materially affected the verdict." United States v. Kessi, 868 F.2d 1097, 1103 (9th Cir.1989). We will reverse "solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Frady, 456 U.S. 152, 163 n. 14 (1982).
 
 
 22
 In this matter the evidence showed that Chaison, while armed with a revolver, displayed a pound of methamphetamine to an officer working undercover and offered to sell it to him for $11,000. The methamphetamine was handed to the officer by Chaison. Chaison was arrested shortly thereafter as he accompanied the undercover officer to receive payment for the methamphetamine. No evidence was presented by the defense.
 
 
 23
 The evidence of Chaison's guilt of each crime is overwhelming and uncontradicted. We are persuaded that the jury would have convicted Chaison if the phrase "firmly convinced" had not been used by the court. Under these circumstances, Chaison has failed to demonstrate that the court's reasonable doubt instruction caused a miscarriage of justice or materially affected the verdict.
 
 
 24
 In United States v. Bustillo, 789 F.2d 1364 (9th Cir.1986), the appellant also challenged the use of a reasonable doubt instruction which contained the phrase "firmly convinced." Id. at 1368. No objection was made to this instruction in the trial court. Id. We concluded in Bustillo that the use of the "firmly convinced" language did not constitute plain error. Id.
 
 
 25
 We express no view regarding whether the use of the phrase, "firmly convinced" in a reasonable doubt instruction is error. We hold, instead, that it is not plain error, in cases such as this, where the evidence of guilt is uncontradicted and overwhelming.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3