PER CURIAM.
Brookwood-Jackson County Convalescent Center and Brookwood-Walton County Convalescent Center appeal the denial of certificate of need (CON) applications. They assert that there is no competent, substantial evidence that they could not license and operate the facilities, that the policy of the Department of Health & Rehabilitative Services (HRS) which requires applicants for CONs for additions to facilities to be the license holder of the facilities is arbitrary, capricious, and contrary to past agency practice, and that HRS erroneously denied them a comparative review of their CON applications. We affirm.
The two nursing home facilities were constructed by Florida not-for-profit corporations, with original financing obtained through industrial revenue bonds. Thése corporations then entered into ground leases with the appellants, Georgia partnerships. Beverly Enterprises, pursuant to long-term subleases with the appellants, manages and operates the facilities and holds the licenses for the facilities.
In 1988, the appellants applied for CONs to add beds to the two facilities. The state agency action reports recommended denying the appellants’ applications because they do not hold the license to the facilities to which the beds are to be added and are therefore unable to effectuate the projects. Appellants requested a formal hearing pursuant to section 120.57(1), Florida Statutes. Holmes Health Care moved for bifurcation *1087 of the final hearing, arguing that a determination of the “effectuation” issue should be made in order to determine the necessity of further proceedings. This motion was granted and a hearing was held on the issue of whether an entity applying for a CON to add beds to an existing, licensed nursing home facility can seek and be granted a certificate for such additional beds, when another unrelated entity is the licensee and operator of that existing facility, and whether the applying entity can, at law, obtain licensure of those additional beds and operate them. The hearing officer recommended that appellants’ applications be denied. HRS adopted the hearing officer’s findings of fact and conclusions of law and denied the applications.
Competent, substantial evidence supports the hearing officer’s finding that appellants could not license and operate the facilities. The hearing officer found that the “Brook-wood Partnerships’ resolutions in the instant situation did not state that the Partnership would license and operate the facility. Rather the Brookwood Partnership stated in their resolutions that they ‘approve’ the licensing and operation of the facility. Additionally, unrefuted evidence has established that the Brookwood Partnerships cannot accurately certify that they would operate and license the facilities involved because ownership, control and possession of these facilities has been conveyed to Beverly, the sole licensee.” Furthermore, HRS will not license a portion of a facility to one entity and license the addition to another entity.
The hearing officer correctly concluded that the deficiencies in certifications regarding licensure and operation alone require the denial of the subject applications. Section 381.707(4), Florida Statutes (1987), requires that an application for a certificate of need shall contain a “certified copy of a resolution by the board of directors of the applicant ... certifying that the applicant shall license and operate the facility.” This is an unconditional requirement. Neal v. Bryant, 149 So.2d 529 (Fla.1962) (the word “shall” in statute normally has a mandatory connotation). See Humhosco v. Department of Health & Rehabilitative Services, 561 So.2d 388 (Fla. 1st DCA 1990) (section 381.709(2)(c), Florida Statutes (1987), which requires the letter of intent to contain a certified copy of the resolution of the board of directors of the applicant certifying that if issued a certificate, the applicant shall license and operate the facility, is mandatory.). •
Appellants’ reliance on Martin Memorial Hospital Association v. Department of Health & Rehabilitative Services, 584 So.2d 39 (Fla. 4th DCA 1991), is misplaced. In Martin Memorial, HRS rejected a letter of intent because of the use of the term “within the cost guidelines” rather than the phrase “at or below the costs contained in the application,” the actual language set forth in section 381.709(2)(c). HRS argued that promulgation of a rule which provided that the board resolution accompanying a letter of intent “shall contain, verbatim, the requirement specified” in section 381.-709(2)(c) necessitated enforcement, despite the fact that it had previously accepted letters of intent containing the now objected-to language. The court determined that the two phrases mean the same thing and remanded with directions to permit Martin Memorial to file its CON application. In contrast to the situation in Martin Memorial, the terminology used in appellants’ resolutions — “approves” licensure and operation — does not mean substantially the same as a certification that the applicant will license and operate the project.
The hearing officer also correctly concluded that HRS’ interpretation of relevant statutory and rule provisions as requiring that only the license holder of an existing facility may apply for and receive a CON to add beds to the facility was reasonable. HRS contends section 381.-707(4) and section 381.709(2)(c) must be read in para materia with other provisions of law. Section 381.704(2), Florida Statutes (1987), provides:
In the exercise of its authority to issue licenses to health care facilities and health services providers, as provided under Chapters 393, 395, and 400, and to hospices, the department shall not issue *1088 a license to any health care facility, health service provider, hospice or part of a health care facility which fails to receive a certificate of need for the licensed facility or service.
Section 400.071(7), Florida Statutes (1987), provides in part: “The department may not issue a license to a nursing home which fails to receive a certificate of need under the provisions of ss. 381.701-381.715.” HRS also relies upon Rule 10D-29.103(9), Florida Administrative Code, which states in part:
(9) Whenever the licensee of a facility seeks to increase the number of beds for which he is licensed or seeks to convert beds to a different use, the licensee shall:
(a) Obtain a determination from the Department’s Office of Community Medical Facilities as to whether review is required pursuant to Sections 381.493 through 381.499, Florida Statutes, and if so, a certificate of need.
HRS determined that the only person who can lawfully operate a nursing home is the license holder; a facility cannot be issued a new license incorporating the additional beds unless it first receives a CON; and a facility cannot receive a CON unless it applied for one. Therefore, HRS concluded that an applicant to add beds to a facility must be the license holder. The interpretation and application of the relevant statutory provisions by HRS was neither arbitrary nor capricious.
The requirement that an applicant certify that “the applicant shall license and operate the facility” was enacted in Chapter 87-92, Laws of Florida, which set forth the duties of HRS with regard to applications for CONs. The certification requirement could reasonably be considered a clarification of legislative intent with regard to section 381.704(2), also enacted in Chapter 87-92, and section 400.071(7). The fact that HRS previously awarded CONs to these appellants for additions to the two facilities at issue even though, the licenses for the facilities were issued to Beverly Enterprises is, therefore, irrelevant. The applications for the previous CONs were filed prior to the effective date of Chapter 87-92.
The policy of HRS, requiring applicants for CONs for additions to facilities to be the license holder, is not arbitrary or capricious. Because the denial of the applications is supported by competent, substantial evidence and statutory authority, no further review of the applications is warranted.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.
ZEHMER, J., dissents.