959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Francis DUBRAY, Defendant-Appellant.
 No. 91-30099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1991.
Submission Deferred Dec. 30, 1991.
Resubmitted March 5, 1992.
Decided April 10, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald DuBray appeals the district court's denial of his motions for mistrial and directed verdict during a jury trial in which he was found guilty of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(a). DuBray also appeals the sentence imposed, claiming that the district court used unreliable evidence and misapplied the Guidelines by enhancing his base offense level because the victim was under sixteen years of age, U.S.S.G. § 2A3.1(b)(2)(B); he obstructed justice, U.S.S.G. § 3C1.1; and physical restraint was used in the course of the offense, U.S.S.G. § 3A1.3. We affirm the judgment, but remand for further findings.
 
 
 3
 * A. Judicial bias.
 
 
 4
 DuBray first argues that the trial judge was predisposed against him and let his biases influence the sentencing decision.[1] This has no merit, because DuBray's sentence was authorized by the guideline range applicable to a case of sexual abuse with the specific offense characteristics found here. See United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988) (citing United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)); cf. United States v. Morales, 898 F.2d 99, 101-02 (9th Cir.1990). The fact that the sentencing judge applied all of the enhancements suggested by the government does not violate due process, since the enhancements were permitted by the Guidelines and the decision to apply the enhancements was made neither arbitrarily nor capriciously. Cf. Yarbrough, 852 F.2d at 1545.
 
 B. Victim Under Sixteen Years of Age
 
 5
 DuBray argues that the district court was "extremely technical" when it applied a two-point enhancement because the victim was under the age of sixteen, even though she was just one week short of turning sixteen at the time of the sexual assault. But she was under sixteen; the district court, therefore, had no discretion to exercise on this issue because the Sentencing Commission has decided that sexual assaults of children deserve greater punishment.
 
 C. Obstruction of Justice
 
 6
 The district court did not clearly err in finding that DuBray obstructed justice, based on evidence that he had told Dean No Runner to tell federal investigators that Old Chief had danced on tables and pulled up her shirt to entice DuBray before they went into the bedroom. The adjustment is also supported by the testimony of Dean No Runner's father, that DuBray told his son to misinform the police investigators about Old Chief's conduct.
 
 D. Restraint of the Victim
 
 7
 DuBray's base offense level for sexual abuse was 27. The district court then applied a four-point enhancement because it was an aggravated form of sexual abuse.[2] DuBray argues that the court incorrectly applied an additional adjustment for physical restraint under U.S.S.G. § 3A1.3[3] because physical restraint is inherently intertwined with the § 2241(a) offense for which he was convicted.[4] Physical restraint of a victim is defined as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1, comment. ((1)(i)). Section 2241(a) involves causing a person to engage in sexual acts by use of force or extreme coercion; therefore, DuBray argues, conduct that violates § 2241(a) must necessarily involve some form of physical restraint of the victim. For this reason, he contends, his conduct falls within the parameters of Application Note 2, which excepts a physical restraint enhancement if such restraint is already an element of the charged offense or is listed as a specific offense characteristic in the applicable guideline.
 
 
 8
 The government argues that physical restraint of the victim occurred in this case apart from the force used in connection with the sexual assault. It relies on evidence that DuBray physically grabbed Old Chief, picked her up, and dragged her into the bedroom.
 
 
 9
 The district court neither made findings itself, nor adopted the presentence report, so we are unable to determine the facts upon which it based the § 3A1.3 adjustment. By the same token we cannot tell whether it based the enhancement under § 2A3.1(b)(1) on Dubray's use of force, or on his threatening or intimidating Old Chief. We cannot determine whether § 2A3.1(b)(1) was misapplied in this case without the benefit of these findings, first because the evidence is somewhat in conflict on what happened, and second because the physical restraint adjustment may have been made on account of the same facts that triggered the special offense characteristic enhancement under § 2A3.1(b)(1).
 
 
 10
 The government does not dispute that restraint associated with the sex act itself cannot support a § 3A1.3 adjustment for use of physical restraint. Nor does Dubray contest the propriety of the enhancement for aggravated sexual abuse under § 2A3.1(b)(1). The first question for the district court, therefore, is whether any physical restraint other than the physical force applied in connection with the sex act was used in the course of the offense.
 
 
 11
 If the district court finds that there was restraint other than the sex act, then it must consider whether such restraint is listed as a specific offense characteristic.[5] U.S.S.G. § 3A1.3, comment., n. 2. We recognize that "physical restraint" is not, in so many words, a specific offense characteristic of criminal sexual abuse in § 2A3.1(b). See Arcoren v. United States, 929 F.2d 1235, 1247-48 (8th Cir.), cert. denied, 60 U.S.L.W. 3292 (1991). However, physical restraint could be the only act of force supporting the enhancement under § 2A3.1(b)). Therefore, in order to determine whether § 3A1.3 was misapplied in this case because the exception applies, we must know whether the act or acts that constitute the specific offense characteristic under § 2A3.1(b)(1) are the same, or different from, those upon which the court relies in adjusting the base offense level upward for use of physical restraint.
 
 II
 
 12
 DuBray moved unsuccessfully for a mistrial at the close of evidence, claiming that the jury was prejudiced by the testimony of the government's last witness, FBI Agent Bickers. Bickers testified that he travelled to the King's County Jail in Seattle and, pursuant to a search warrant, extracted hair, blood, and saliva samples from DuBray in order to compare them for identification purposes with similar samples taken from Old Chief on the morning of the sexual assault. DuBray argues that the jury was "irreversibly" prejudiced when Bickers told them that DuBray had been in a Seattle county jail for a different crime than the one involved in this case. He contends that the only purpose behind the testimony was to persuade the jury that he had a criminal disposition and therefore was more likely to have committed a sexual assault in this case.
 
 
 13
 Before trial, the district court barred the government from eliciting testimony regarding DuBray's prior arrests. Nonetheless, defense counsel failed to object when Agent Bickers testified. Failure to object to evidence at the time of admission means that the denial of a mistrial motion can only be overturned on a showing of plain error. United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988). DuBray has failed to show that Bickers's testimony " 'seriously affect[ed] the fairness, integrity or public reputation' " of the district court proceedings. Id. at 1156 (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).
 
 
 14
 Bickers did not indicate to the jury why DuBray was in the Seattle jail in September 1989. For all the jury knew about federal prosecution and prison procedures, DuBray was in the Seattle jail in connection with the sexual assault of Old Chief. In any case, the reference to the Seattle jail was so brief and so confined to discussion of the technical details regarding the tests performed by Agent Bickers, that the admission of the testimony and denial of the motion was not so prejudicial as to constitute plain error affecting DuBray's substantial right to a fair trial. See Segal, 852 F.2d at 1156; see also United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986).
 
 III
 
 15
 At the close of the government's evidence, DuBray moved unsuccessfully for acquittal. Because he did not renew the motion after all of the evidence, we review for plain error, United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989), and view the evidence in the light most favorable to the government. Id.; Fed.R.Crim.P. 52(b). Old Chief testified that DuBray grabbed her and pulled her into the room, demanded that she lie down on the bed, and then forced her to have sex against her will. Together with the testimony of the BIA doctor who examined Old Chief after the incident, this evidence suffices to send the case to the jury. DuBray's challenges to Old Chief's credibility were for the jury to resolve.
 
 IV
 
 16
 Having concluded that the conviction is affirmed, but that further findings are necessary before we can resolve DuBray's appeal from sentence, we remand to the district court for the limited purpose of making findings of the grounds for both enhancing DuBray's offense level on account of the means used in committing the offense, and adjusting it further on account of the use of physical restraint. The district court should enter these findings within 30 days of the date of this order.
 
 CONVICTION AFFIRMED, REMANDED FOR FINDINGS
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 DuBray cites the judge's comment that "[d]efendant ha[s] ... 'been before the system on several different occasions and he beat the first two, and he lost this one. I am in agreement with [U.S. Attorney] Rostad in the testimony during the trial, and not only this trial, but several. The intimidation of witnesses is not an unknown thing around here [referring to DuBray's coaching a witness's testimony while both were in jail].' "
 2 U.S.S.G. § 2A3.1 establishes a 27-point base offense level for persons who commit sexual abuse in violation of 18 U.S.C. § 2242 (sexual assault by means of fear). A specific offense characteristic provides for a four-point enhancement "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b)." U.S.S.G. § 2A3.1(b)(1). Application Note 2 identifies those means as using force against the victim; threatening or placing the victim in fear of death, serious bodily injury, or kidnapping; rendering the victim unconscious; or administering a drug or intoxicant by force or threat of force. The commentary further indicates that "[t]he base offense level represents sexual abuse as set forth in 18 U.S.C. § 2242. An enhancement is provided for use of force; threat of death, serious bodily injury, or kidnapping; or certain other means as defined in 18 U.S.C. § 2241."
 
 
 [3]
 Section 3A1.3 provides: "If a victim was physically restrained in the course of the offense, increase by 2 levels." Application Note 2 indicates that "[t]his adjustment applies to any offense, except where such restraint is an element of the offense, specifically incorporated into the base offense level, or listed as a specific offense characteristic." U.S.S.G. § 3A1.3, comment. (n. 2)
 
 
 [4]
 The offense of aggravated sexual abuse is defined as "knowingly caus[ing] another person to engage in a sexual act--(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a)
 
 
 [5]
 Neither of the other two possibilities contemplated by the commentary to § 3A1.3--whether the physical restraint is an element of the offense or is specifically incorporated into the base offense level--is relevant here. Because aggravated sexual abuse may occur by force or by threat, it is not necessarily the case that physical restraint (apart from the sex act itself) is used in the course of the offense. Physical restraint therefore is not an element of the crime of conviction. Nor is it incorporated into the base offense level, which pertains only to sexual abuse by means of fear. U.S.S.G. § 2A3.1, comment. (citing 18 U.S.C. § 2242)